## 55058. PINKNEY v. THE STATE.

SHULMAN, Judge.

This appeal is from a conviction of burglary. The state's evidence showed that appellant accompanied another man (who pleaded guilty to the offense) to a business establishment which sold chain saws. The accomplice broke a glass door and entered the store. He handed three saws to appellant. The two then attempted to sell the saws to several persons before they were arrested. Appellant's evidence was that the alleged accomplice asked appellant to drive him to pick up a package. The package turned out to be three chain saws which appellant's friend claimed to have found. Appellant contends that he never knew the saws were stolen.

1. The first enumeration of error is on the general grounds. "On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cits.]

"In considering the . . . general grounds on appeal, the defendant's testimony and that of his witnesses can be disregarded by the appellate court if the fact finders' verdict shows that such testimony was not believed. [Cit.]" *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). The state's evidence was sufficient to authorize the verdict of guilty.

2. In his second enumeration of error, appellant complains of the trial court's failure to charge, without a request, on theft by receiving stolen property. That issue is controlled adversely to appellant by *Gearin v. State,* 127 Ga. App. 811 (195 SE2d 211).

3. The third enumeration of error, denial of appellant's motion for new trial, was based solely on the foregoing two enumerations. In view of our ruling on those enumerations, the third enumeration has no merit.

*Judgment affirmed. Bell, C. J., and Birdsong, J.,*

*concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED
FEBRUARY 8, 1978.

*Joseph C. Kitchings,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.