## 34793. MILLS v. THE STATE.

HILL, Justice.

Appellant Marvin Mills entered a plea of guilty to criminal attempt to commit armed robbery on October 16, 1978, at which time the court stated that it would order a pre-sentence investigation report before imposing sentence. On November 7, Mills was sentenced to 10 years, 7 years in confinement and 3 on probation. (Mills says he had negotiated the plea with the DA at 3 years to serve, 7 on probation). After sentence was imposed the trial judge asked Mills if he wished to withdraw the guilty plea and Mills decided not to do so.

On November 17, 1978, Mills filed an application for sentence review pursuant to Code Ann. § 27-2511.1. On November 27, Mills filed a "Motion for Production of Pre-Sentence Investigation Report and Declaratory Judgment." In this motion he alleged that he had requested a copy of the report from the court and the probation office which made the investigation but was refused on the basis of Code Ann. § 27-2720 (Ga. L. 1956, pp. 27, 35; 1958, pp. 15, 23). He prayed for production of a copy of the report and a declaration that Code Ann. § 27-2720 is unconstitutional under both the Federal and Georgia Constitutions.

In an order entered January 29, 1979, the trial court upheld the constitutionality of the law and denied the relief requested. The trial court found as facts that both prior and subsequent to sentencing, it had disclosed to defendant's attorney "all information and matters contained in the presentence investigation report which were adverse to the defendant, and also disclosed to defendant's attorney all matters and information likely to influence the Court's decision to suspend or probate the sentence."

Mills argues that Code Ann. § 27-2720, as construed by the trial court to deny him access to the entire pre-sentence investigation report, unconstitutionally deprives him of his liberty without due process of law and of the effective assistance of counsel under both the United States and Georgia Constitutions.[1] The Circuit

---

[1]Code Ann. § 27-2720 reads: "All reports, files,

Court of Appeals for the District of Columbia, however, has reached a contrary conclusion where the report has been requested before sentencing. In United States v. Dockery, 447 F2d 1178 (D. C. Cir., 1971), cert. den., 404 U. S. 950 (1971), the court upheld the constitutionality of Fed. R. Crim. Proc. 32, which provides that the pre-sentence report can be used in the imposition of sentence and that, when the defendant has requested the opportunity to read the report and the trial court has decided to deny the request, "the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence. . ." Fed. R. Crim. Proc. 32 (c) (3) (B).

In Georgia, the pre-sentence investigation report cannot be used in aggravation in fixing the length of the sentence. *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975); Code Ann. § 27-2503 (a). The trial court may, however, consider the report in deciding whether to suspend or probate sentence, and we have previously directed that where this is done, the trial court should reveal to defense counsel any matter adverse to the defendant and likely to influence this decision. *Munsford,* supra. We note that the defendant in *Munsford* challenged the trial court's use of the report in sentencing,

---

records and papers of whatever kind relative to the statewide probation system are hereby declared to be confidential, and shall be available only to the probation system officials and to the judge handling a particular case. They shall not be subject to process of subpoena. However, these records may be declassified by a majority vote of the State Board of Probation whenever said Board deems it advisable." (Ga. L. 1956, pp. 27, 35; 1958, pp. 15, 23). At the outset we find that this provision applies to pre-sentence investigation reports, *Munsford v. State,* 235 Ga. 38 (218 SE2d 792) (1975), and that such application was not repealed by implication by creation of our sentence review procedures. (Code Ann. § 27-2511.1; Ga. L. 1974, pp. 352, 358, as amended Ga. L. 1977, pp. 1098, 1104).

but he apparently either did not request or was not denied a copy of the report.

The defendant in this case challenges his denial of a copy of the report for his use in sentence review, not in the sentencing stage itself. The sentence review panel does not have authority to increase the sentence; it has only the authority to decrease it. Code Ann. § 27-2511.1 (c). Hence, the sentence review panel cannot use the report to increase the sentence. Because access to a verbatim copy of the report is not constitutionally required for the defendant's use in the sentencing process, it follows that a defendant has no constitutional right to a verbatim copy of the pre-sentence investigation report for use in the sentence review process. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 47 USLW 4581 (Part III) (May 29, 1979). Hence Code Ann. § 27-2720 is not unconstitutional on the ground it prohibited Mills from obtaining access to the report. See United States v. Dockery, supra, and cits.; *Munsford v. State,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED SEPTEMBER 10, 1979.

*Samuel D. Ozburn,* for appellant.

*Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General, J. W. Morgan, District Attorney, J. Lynn Rainey, Assistant District Attorney,* for appellee.