## 59124. WILCOX v. THE STATE.

CARLEY, Judge.

Wilcox appeals his burglary conviction.

1. The evidence shows that Wilcox entered the dwelling of another without authority to do so. *Murphy v. State,* 238 Ga. 725, 728 (2) (234 SE2d 911) (1977). The evidence further shows that the dwelling contained valuables. *Bowen v. State,* 128 Ga. App. 577 (197 SE2d 738) (1973). This evidence supports the verdict. *Parrish v. State,* 141 Ga. App. 631 (234 SE2d 174) (1977). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wilcox enumerates error based upon the court's charge and recharge of the jury. We do not reach the merits of Wilcox' argument in this regard as the transcript demonstrates he has waived his right to enumerate this alleged error. At the conclusion of the charge and the recharge, Wilcox' counsel was asked if there were any exceptions. The response was in the negative. Counsel did not reserve the right to object in his motion for new trial or on appeal. "Under the recent decision of the Supreme Court in *White v. State,* 243 Ga. 250 [253 SE2d 694] (1979), this failure to except to the charge constitutes a waiver of defendant's right to enumerate error as to the charge . . ." *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613) (1979).

3. Wilcox urges that the trial court erred in the presentence hearing by considering, in aggravation of the sentence imposed, prior convictions which were not "made known to the defendant prior to his trial . . ." Code Ann. § 27-2503. We find this argument to be without merit. "The record does not show that an objection was made on the grounds of no prior notice. Objections such as the one before us now must be properly made in the trial court and a failure to do so at that time eliminates a subsequent review by this court. [Cits.]" *Strozier v. State,* 231 Ga. 140, 142 (200 SE2d 762) (1973). "[I]f no objection is made at the pre-sentence hearing a subsequent review of that phase is eliminated. [Cits.]" *Bradshaw v. State,* 145 Ga. App. 664, 665 (1) (244 SE2d 600) (1978).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED MARCH 5, 1980 —

*J. Carol Sherwood, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.