60766, 60767. POST v. THE STATE (two cases).

McMURRAY, Presiding Judge.

The same defendant in these two cases was indicted in two counts (only one indictment) for the offenses of aggravated assault in shooting at, toward, and in the direction of two persons with a pistol, a deadly weapon. He was convicted and sentenced to serve a term of 10 years as to each count, same to run concurrently as to each count.

Defendant was represented at the trial by appointed counsel who filed a combined motion for new trial, reduction of sentence imposed, the vacation of the sentence imposed, and for other relief. After a hearing the "Motion for New Trial" was overruled on each and every count (apparently the court treated all grounds as involving only a motion for new trial).

Defendant appeals pro se in Case No. 60767, however in Case No. 60766 an appeal has been filed by an attorney we deem to be employed counsel. Both appeals contend in the enumeration of errors that the evidence was insufficient to support the verdict; the failure of the state to produce certain evidence with reference to damages to the prosecutrix' automobile which was allegedly damaged by shots fired by the defendant and a claimed impossibility by reason of the circumstances for the alleged crimes to have occurred, and further that the state failed to carry its burden of proof beyond a reasonable doubt. *Held:*

All of the enumerations of error involve the sufficiency of the evidence to convict as to the crimes charged in the alleged assault by use of a pistol, a deadly weapon. The state's witnesses (victims) contend the pistol was fired by the defendant at their automobile driven on the expressway (I-75/85) in Fulton County while they were

en route to the airport. The alleged victim or prosecutrix in Count 1 was the ex-wife of the defendant. She testified that he had been threatening and harassing her and that as she was preparing to depart the city from the airport she called her son, the victim named in Count 2, to drive her from where she lived to the airport. The state's witnesses (victims) testified that they observed the defendant in another automobile following them onto the Lakewood Freeway going toward Interstate 75/85, honking his horn. A high speed chase continued on down the freeway to Interstate 75/85 and on Interstate 85 south toward the airport. They were unsuccessful in attempting to elude him and eventually the defendant began shooting at them and did shoot out the rear window of the victims' automobile. The son as a witness testified that at least two shots were fired by the defendant. Upon reaching the airport the incident was reported to the police, and a warrant was obtained.

The defendant testified that he was having difficulties with his ex-wife but denied that he had been threatening or harassing her, although he had contacted her with reference to another incident. He also admitted he had driven his automobile next to the victims' on the freeway and tried to wave them over. He also admitted owning a pistol required by his employment at a bonding company but denied shooting at the victims or at the automobile.

With reference to the sufficiency of the evidence and as to an appeal on the general grounds of a motion for new trial, the testimony of the defendant and his witnesses can be disbelieved by the fact finders if the state's evidence is sufficient to authorize the verdict of guilty. See *Pinkney v. State,* 144 Ga. App. 768 (1) (242 SE2d 364); *McCane v. State,* 147 Ga. App. 730 (1) (250 SE2d 181). Here it is quite apparent that the jury was willing to believe the sworn testimony of the state's witnesses and disbelieve defendant's sworn testimony.

We have carefully reviewed the trial transcript and record and find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of each of the offenses of aggravated assault. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgments affirmed. Smith and Banke, JJ., concur.*

Submitted October 8, 1980 — Decided October 23, 1980.

*Ray C. Norvell,* for appellant (case no. 60766).
Alphonso Post, Jr., *pro se* (case no. 60767).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles R. Hadaway, Assistant District Attorneys,* for appellee.