## 61908. MOSS v. THE STATE.

QUILLIAN, Chief Judge.

Danny Moss, the 16-year-old defendant, was served with a juvenile court petition alleging he was delinquent and had committed a series of eight delinquent acts, and it was requested that these allegations be transferred to the superior court. Only the offenses of aggravated assault, criminal damage to property, and unlawful entry of an automobile were transferred and tried in superior court. Following pleas of guilty, a pre-sentence hearing was held in which the prosecutor orally informed the trial court of the disposition of the offenses not transferred from the juvenile court and also indicated that the defendant had a prior record of "violence." The probation officer also advised the court that the defendant's "reputation in the community . . . is not the best." Counsel for the defendant did not

object to the procedure followed. Defendant now brings this appeal — alleging the trial court erred "in considering rumors and innuendoes in aggravation during the sentencing phase" of the defendant's trial. *Held:*

Our Supreme Court, in *Munsford v. State,* 235 Ga. 38 (218 SE2d 792), discussed the proper and improper use of pre-sentence reports under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) and Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31; as amended through 1980, pp. 1136, 1137). Although both reports were authorized for use before pronouncing sentence, investigation reports prepared by probation officers under Code Ann. § 27-2709 are to be used only for the purpose of deciding whether to suspend or probate all or part of the sentence to be imposed. Id. 235 Ga. at 45. Under Code Ann § 27-2503, prior to imposition of punishment, the judge may "hear additional *evidence* in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . or the absence of any prior conviction and pleas" in determining length of the sentence to be imposed, provided "such *evidence* in aggravation" has been made known to the defendant "prior to trial." (Emphasis supplied.) Code Ann. § 27-2503 (a), supra; *Munsford v. State,* 235 Ga. at 45.

The record is not clear as to whether the trial court used such statements by the prosecutor and probation officer in "aggravation," or for the purpose of "deciding whether to suspend or probate" part of the sentence to be imposed. The distinction is critical. An investigative report by the probation officer is more inclusive, less restrictive, and includes "circumstances of the offense and the criminal record, social history and present condition of the defendant" so that the court can intelligently decide the issue of whether "the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law. . . ." Code Ann. § 27-2709.

Conversely, a report under Code Ann. § 27-2503 requires the use of "*evidence* in extenuation, mitigation, and aggravation of punishment" when made known to the defense "prior to trial." (Emphasis supplied.) This language evinces legislative intent that only "evidence" shall be heard by a trial court to determine the length of sentence, provided there was prior notice "to give the convicted defendant enough time to rebut or explain any conviction record. Even though we recognize that an accused would have knowledge of his personal history he should nevertheless be given sufficient opportunity to subpoena witnesses and reasonable time in which to obtain evidence that might be available by subpoena." *Queen v. State,* 131 Ga. App. 370, 374 (205 SE2d 921); cited with approval in

*Ramsey v. State,* 241 Ga. 426, 428 (246 SE2d 190).

Accordingly, we conclude that reports under Code Ann. § 27-2709 are more diverse in the type of information they may contain since they are used only in determining the question of suspension or probation of sentence and need not be shown to counsel. *Watts v. State,* 141 Ga. App. 127, 133 (232 SE2d 590); cert. den. 434 U. S. 925. Whereas, reports under Code Ann. § 27-2503 are more restrictive and must be shown to counsel before trial.

It is evident that the trial court and counsel should require a clear delineation as to the purpose for which any report is offered — e.g. aggravation or probation. Absent such designation, an appellate court can only guess at the purpose of the report. If such report was offered only for determination of the issue of probation — it could be admissible. If the same report was offered only to determine length of sentence — it could be inadmissible. See *Ramsey v. State,* 241 Ga. 426, 428, supra — wherein an FBI "rap sheet" was not admissible.

However, in the instant case, there was no objection to the reports given by the prosecutor and the probation officer. And this court has held the provision of Code Ann. § 27-2503 "does not apply where the evidence had been brought out without objection during the trial." *Mitchell v. State,* 136 Ga. App. 390 (4) (221 SE2d 465). It is well settled law that counsel cannot suffer what he deems to be an injustice during trial, hoping for an acceptable result, and then after the trial — first state his objection to the procedure followed. *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590 (200 SE2d 332). "If no objection is made at the pre-sentence hearing, a subsequent review by this court of that phase is eliminated." *Adams v. State,* 142 Ga. App. 252, 255 (7) (235 SE2d 667); *Bradshaw v. State,* 145 Ga. App. 664, 665 (244 SE2d 600); *Wilcox v. State,* 153 Ga. App. 719 (3) (266 SE2d 356); *Chapman v. State,* 154 Ga. App. 532 (4) (268 SE2d 797).

*Judgment affirmed. McMurray, P. J., and Pope, J. concur.*

DECIDED JUNE 19, 1981 —
REHEARING DENIED JULY 16, 1981.

*Bruce S. Harvey,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.