## 65665. WILLIAMS v. THE STATE.

Deen, Presiding Judge.

Following the denial of his motion for a new trial, Floyd Williams appeals from his conviction of burglary and sentence of ten years to serve.

1. As the defendant's opening statement was not recorded and he admits his objection to the trial court's alleged limitation of his statement was not perfected, there is nothing for this court to review on appeal. *Montford v. State,* 148 Ga. App. 335 (251 SE2d 125) (1978). The complaining party bears the burden of having the record completed in the court below. OCGA § 5-6-41 (Code Ann. § 6-805); *Zachary v. State,* 245 Ga. 2 (262 SE2d 779) (1980).

2. The trial court did not err in admitting the state's exhibits into evidence. At the hearing on the motion to suppress, the court determined that the defendant voluntarily consented to the search of his vehicle. The record, however, is incomplete as to what transpired at the hearing as the transcript was not submitted on appeal. When the testimony as to consent was given at trial, the defendant raised no objection. Any testimony outside the scope of the motion to suppress should be objected to at trial. *Bailey v. State,* 157 Ga. App. 222 (276 SE2d 843) (1981); *Jackson v. State,* 146 Ga. App. 736 (247 SE2d 512) (1978). Failure to make a timely objection to testimony when it is offered constitutes a waiver. *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456) (1973). However, failure to object at trial when the evidence has already been ruled on in the suppression hearing does not constitute a waiver. *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981). After examining the record and assuming that the same evidence was presented to the court at the suppression hearing, we find that the trial court did not err in determining that the consent to the search of the defendant's automobile was voluntary and not excludable as the product of duress or coercion. *Code v. State,* 234 Ga. 90 (214 SE2d 873) (1975). The arresting officer testified he was requested to look out for a green and white Thunderbird automobile occupied by two black males armed with shotguns and believed to be dangerous. The vehicle was located and officer noticed a shotgun on the right-hand passenger seat. Appellant was arrested and given the mandatory Miranda warnings which he indicated he understood. When asked if the property in the vehicle belonged to him, he replied that everything in the car belonged to him and gave the officer permission to search. On cross-examination, it was determined that the defendant fully cooperated with the officers conducting the search. Therefore, the court's determination that the consent was voluntary was not "clearly erroneous" and must be accepted by this

court. *Woodruff v. State,* 233 Ga. 840 (213 SE2d 689) (1975); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). The natural emotional upset experienced by the defendant does not render the consent involuntary. *Woodruff,* supra.

3. We find that no error was committed by the trial court during the sentencing phase of the trial. As no objections were raised at the presentence hearing, this court is precluded from reviewing the proceedings. *Chapman v. State,* 154 Ga. App. 532 (268 SE2d 797) (1980); *Wilcox v. State,* 153 Ga. App. 719 (266 SE2d 356) (1980). (No objections were raised in *Moss v. State,* 159 Ga. App. 317 (283 SE2d 275) (1981) and *McDuffie v. Jones,* 248 Ga. 544 (283 SE2d 601) (1981), and the courts noted that the issue was not reviewable, but went on to review the evidence. We feel constrained to do the same.) Even if a proper objection were raised, we find that the trial court is authorized under OCGA §§ 42-8-29 (Code Ann. § 27-2710) and 42-8-34 (Code Ann. § 27-2709) to consider investigative reports prepared by probation officers for the purpose of deciding whether to suspend or probate all or part of the defendant's sentence, but the court cannot use the reports to determine the length of the sentence. *Munsford v. State,* 235 Ga. 38 (218 SE2d 792) (1975). After reviewing the reports in the present case, the judge stated that he could not consider giving the defendant a probated sentence. There is nothing in the record to indicate that these reports were improperly used to extend the length of the defendant's sentence. We further find that the court properly considered the defendant's conduct during the trial in considering whether to suspend or probate all of the sentence and that such a consideration does not come within the restrictions of OCGA § 17-10-2 (Code Ann. § 27-2503). *Fair v. State,* 245 Ga. 868 (268 SE2d 316) (1980); *Ingram v. State,* 134 Ga. App. 935 (216 SE2d 608) (1975).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 25, 1983.

*Lloyd D. Murray,* for appellant.
*Dupont K. Cheney,* District Attorney, *Douglas A. Datt,* Assistant District Attorney, for appellee.