## 67478. WASHINGTON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter. On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal and by denying his motion to strike identification

testimony relating to a photographic lineup.

The evidence disclosed that as appellant left a nightclub in Savannah, he retrieved his .22 caliber magnum revolver and bullets which he had checked on entering the club. Shortly after appellant went outside Thomas Walker was shot, and died as a result of the gunshot wound. Just before Walker was shot appellant was seen with a gun in his hand chasing Walker; a shot was heard almost immediately and it was learned Walker had been shot. Just after the shot was heard a man was seen running back to the club with a gun in his hand. That man was identified in a photographic lineup as appellant. The bullet which killed Walker came from a .22 caliber magnum. The defense presented no evidence.

1. Appellant contends the court erred by denying his motion for a directed verdict of acquittal because the evidence is not sufficient to support the verdict.

A trial court must grant a motion for a directed verdict of acquittal unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). Although appellant attacked the credibility of the witnesses at trial, the weight of the evidence and the credibility of witnesses are questions for the triers of fact. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to deny his motion to strike the testimony of a police detective that appellant was picked from a photographic lineup as the person running toward the club with a gun in his hand immediately after Walker was shot. Appellant argues that the photographs were the best evidence and because the state did not introduce the photographs into evidence, the detective's testimony should have been stricken.

Appellant made no pretrial motion in limine to exclude the testimony of the detective; he did not ask for a hearing outside the presence of the jury challenging the procedures used in the photographic lineup; and he made no objection to the testimony when it was presented. Appellant now argues that the photographs were the best evidence of the "appropriateness" of the photographs used in the lineup. However, the best evidence rule does not apply to evidence generally, but is restricted to writings alone. *Rutledge v. State,* 152 Ga. App. 755, 759 (4) (264 SE2d 244) (1979). Since appellant did not attack the procedures followed in the lineup, but contends only that the photographs were the best evidence of

"appropriateness," it was not error to deny appellant's motion to strike the testimony.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1984.

*Edward M. Buttimer,* for appellant.
*Spencer Lawton, Jr., District Attorney, Marvin W. McGahee, David T. Lock, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*