## 68104. SAINE v. THE STATE.

DEEN, Presiding Judge.

Appellant Saine was found guilty of burglary and, as a recidivist, was sentenced to twenty years' imprisonment. The evidence adduced at trial consisted chiefly of testimony by the director of the youth center located next door to Saine's house, to the effect that the center had been burglarized on a certain weekend and several items taken; the testimony of a neighbor of Saine's that, while enjoying a nocturnal rest on his terrace that weekend, he had observed appellant and his co-defendant making several trips between the center and the nearby house of the co-defendant and carrying objects corresponding in size and shape to certain items missing from the center; and the testimony of investigating officers that they had found one of the missing items, a fan, in a wooded area immediately behind the co-defendant's house.

Saine appeals from his conviction, enumerating as error the sufficiency of the evidence, the alleged impropriety and prejudicial effect of the jury instruction regarding recent possession of stolen goods,

and the court's consideration, in fixing the sentence, of prior convictions without notifying appellant before the trial that they would be used. *Held*:

1. Scrutiny of the record reveals that the evidence was sufficient to support the conviction. Appellant specifically argues, in reliance on OCGA § 24-4-6, that the state's evidence was circumstantial and that the proven facts do not "exclude every other reasonable hypothesis save that of the guilt of the accused." This court has held consistently that the exclusion of "every other reasonable hypothesis" does not mean that the criminal act might by bare possibility have been done by someone other than the accused, *McGee v. State*, 159 Ga. App. 763 (285 SE2d 224) (1981), and that the evidence need not remove every possibility of the defendant's innocence. *Barfield v. State*, 160 Ga. App. 228 (286 SE2d 516) (1981).

Moreover, the strictures of § 24-4-6 are applicable only when the state's case consists solely of circumstantial evidence. See, e.g. *Ridley v. State*, 232 Ga. 646 (208 SE2d 466) (1974); *Wright v. State*, 147 Ga. App. 111 (248 SE2d 183) (1978); *Ennis v. State*, 130 Ga. App. 716 (204 SE2d 519) (1974). In the instant case, there was also direct evidence in the form of extensive eyewitness testimony. OCGA § 24-1-1. The appellate court does not weigh the evidence, *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980), but looks only to see whether sufficient competent evidence was adduced to authorize a reasonable trier of fact to find appellant guilty as charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980). Our examination of the record, including the transcript, reveals that the evidence was sufficient to meet this standard. This enumeration is without merit.

2. Likewise without merit is appellant's assertion that the jury instruction on recent possession of stolen goods was not supported by the evidence and was prejudicial. The record reveals that the challenged instruction was a correct statement of the law and was authorized by the evidence. The discovery of one of the major missing items in close proximity to the dwelling of one of the co-defendants, when coupled with eyewitness testimony, was sufficient to warrant such a jury instruction. "[R]ecent unexplained possession of stolen items taken from . . . burglarized [premises] . . . create[s] an inference or presumption of facts sufficient to convict." *Nash v. State*, 166 Ga. App. 533, 535 (304 SE2d 727) (1983); *McGee v. State*, supra. See also *Selph v. State*, 142 Ga. App. 26 (234 SE2d 831) (1977); *Lee v. State*, 126 Ga. App. 38 (189 SE2d 872) (1972).

Moreover, the transcript discloses that appellant made no objection to the jury instruction on recent possession of stolen goods. By neither objecting at trial nor reserving the right to do so, he waived

his right to enumerate error as to the charge. *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979); *Wilcox v. State*, 153 Ga. App. 719 (266 SE2d 356) (1980).

3. Appellant correctly contends that the trial court may not consider prior convictions in aggravation, when setting the length of the sentence to be imposed. *Mills v. State*, 244 Ga. 186, 187 (259 SE2d 445) (1979); *Munsford v. State*, 235 Ga. 38 (218 SE2d 792) (1975). Prior convictions may properly be considered, however, in determining whether a sentence should be probated or suspended, as distinguished from being served in penal confinement. OGGA § 17-10-2 (a); *Williams v. State*, 165 Ga. App. 553, 554 (301 SE2d 908) (1983). Examination of the transcript in the instant case discloses that the court expressly stated that his purpose in considering appellant's prior criminal record was to determine whether probation or suspension of the sentence would be appropriate. The court therefore did not err in this respect.

Appellant is also correct in asserting that an accused must be given prior notice that his past convictions will be considered. OCGA § 17-10-2 (a); *Franklin v. State*, 245 Ga. 141, 149 (263 SE2d 666) (1980); *Bradshaw v. State*, 145 Ga. App. 664 (244 SE2d 600) (1978). The record reveals, however, that appellant's counsel made no objection to the use of the prior convictions, either when the trial court initially alluded to them before the sentencing, or afterwards, when the court asked counsel if he had anything he wished to say. Counsel's reply was, succinctly, "No." If no objection is made at the pre-sentence hearing, a subsequent review of that phase of the trial is improper. *Strozier v. State*, 231 Ga. 140, 142 (200 SE2d 762) (1973). This enumeration therefore presents nothing for this court to review.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984.

*M. Lynn Young*, for appellant.
*Bruce L. Udolf, District Attorney, Donald F. Chase II, Assistant District Attorney*, for appellee.