## 69127. RICHARDSON v. THE STATE.
### (327 SE2d 813)

CARLEY, Judge.

Appellant appeals from his conviction of robbery and burglary.

1. Two of appellant's enumerations of error raise the general grounds. The evidence adduced at trial was conflicting. However, viewed in the light most favorable to the verdict, the evidence showed that the victim went home one night and discovered that someone had broken into his house. As the victim began to enter the house, he was attacked from the rear, and his wallet was stolen from his person. A neighbor of the victim observed the incident. This eyewitness testified that he saw appellant, whom he had known for 20 years, attack the victim and take his wallet. He then saw appellant flee, carrying a cigar box and a case of beer, which items had been taken from the victim's house. In contradiction to that evidence, appellant and several alibi witnesses testified that appellant had been at a certain pool hall around the time the crimes were committed.

The weight of the evidence and the credibility of witnesses are questions for the triors of fact. *Washington v. State*, 169 Ga. App. 806, 807 (315 SE2d 37) (1984). "[T]he testimony of the defendant and his witnesses can be disbelieved by the factfinders if the [S]tate's evidence is sufficient to authorize the verdict of guilty. [Cits.]" *Post v. State*, 156 Ga. App. 191, 192 (274 SE2d 154) (1980). From the evidence presented in the instant case, a rational trior of fact could have

found beyond a reasonable doubt that appellant was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Saine v. State*, 170 Ga. App. 610 (317 SE2d 650) (1984); *Harper v. State*, 170 Ga. App. 601, 603 (3) (317 SE2d 567) (1984).

2. On direct examination, appellant testified that he visited the victim after the crimes occurred. Appellant told the victim, "I've been in some trouble and I don't want to get blamed for nothing else, so that's why I come around to talk to you about it." On appellant's cross-examination, the State argued, and the trial court ruled, that appellant's testimony on direct had placed his character in issue. The State then was permitted over objection to question appellant at length about the specific circumstances of previous crimes for which he had been convicted, and certified copies of his prior convictions were admitted into evidence. Appellant enumerates the admission of that evidence as error.

"[N]o evidence of a criminal defendant's general bad character or prior convictions shall be admissible against him at trial unless and until such defendant shall have first put his character in issue. [Cit.] It follows that the State cannot rebut or question the presumption of the defendant's good character unless the defendant discards the presumption thus afforded and elects to put his actual character in issue by evidence of other witnesses or by his own testimony. [Cit.]" *Phillips v. State*, 171 Ga. App. 827 (321 SE2d 393) (1984). Both this court and our Supreme Court have held that a reference to a defendant's having been in trouble does not place his character in issue, since it is unclear what is meant by such a remark. *Brown v. State*, 162 Ga. App. 198, 199 (3) (290 SE2d 540) (1982); *Norwood v. State*, 238 Ga. 199 (1) (232 SE2d 70) (1977). Thus, it appears that appellant's testimony that he had been in trouble did not place his character in issue, and the trial court's ruling in that regard was erroneous.

However, when appellant was cross-examined, the State initially asked him only to explain his direct testimony about having been "in some trouble." This query was within the permissible scope of a thorough and sifting cross-examination, even as limited by OCGA § 24-9-20 (b). *Lehman v. State*, 165 Ga. App. 15 (299 SE2d 88) (1983). As noted in Judge Benham's concurring opinion in *Phillips v. State*, supra at 831: "The State's right to pursue details of an incident mentioned by a defendant on direct examination stems not from an opening of the 'character door' or from the making of a statement susceptible of being disproved, but from the right of any party to conduct a thorough and sifting cross-examination of a witness with regard to any material issue. OCGA § 24-9-64. When a defendant has mentioned [previous trouble] in the course of his testimony, as in the present case, that incident or circumstance is thereby rendered material.

As such, it is an appropriate subject for cross-examination. However, if the defendant's testimony is not intended to establish the defendant's general character, the 'character door' is not opened and the State's cross-examination is limited to the particulars of the incident or circumstance regarding which the defendant testified on direct examination." In the instant case, when appellant was asked to explain his reference to having been in trouble, he testified that he was on probation for a burglary charge. When asked if there was "any other trouble," appellant stated that he was also on probation for robbery. The State then questioned appellant only about those two incidents and introduced certified copies of only those two convictions. No further evidence of appellant's bad character was elicited by the State. Here, as in *Lehman v. State*, supra at 17, the control of the cross-examination was largely in the discretion of the trial court, and it was not error to allow appellant to be cross-examined with regard to the specific circumstances surrounding the "trouble" to which he had testified on direct examination. See also *Ward v. State*, 138 Ga. App. 454 (2) (226 SE2d 278) (1976).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1985.

Thomas L. Kirbo III, for appellant.
H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney, for appellee.