## 76352. WILLIAMS v. THE STATE.
### (370 SE2d 821)

POPE, Judge.

Defendant was convicted by a jury of obstruction of an officer, OCGA § 16-10-24 (b).

The facts, although not without dispute, showed the following: Sgt. Donald Cox of the Valdosta Police Department testified that on the date in question he had responded to a call to disperse a crowd gathered in the street when he was approached by a woman who requested his assistance in removing her son from her house. Sgt. Cox saw the defendant standing on an apartment balcony with four to five people standing on the ground nearby. Sgt. Cox testified that he climbed up the stairs to the edge of the balcony when the defendant grabbed him with both hands and started screaming, "I'll kill you, I'll kill you." Sgt. Cox said he attempted to get away but that the defendant grabbed him "through [the] crotch, [and] took his other hand and put it on [Sgt. Cox's] shoulder area" in an apparent attempt to "pick [him] up and push [him] at the same time . . . towards the edge of the balcony." Sgt. Cox testified that he placed his hand on the balcony and the railing began to crack and break. Another officer interceded, shoving defendant and breaking his hold on Sgt. Cox, who continued struggling with defendant down the length of the balcony; the defendant again attempted to push Sgt. Cox off the balcony. Other law enforcement officers entered the fray and defendant fell sandwiched between two officers and was eventually subdued and hand-

cuffed.

1. Defendant first contends that the trial court erred in allowing the State to cross-examine his brother concerning an earlier, unrelated altercation involving the defendant and in not giving the jury appropriate limiting instructions as to such testimony. As to this issue, the record shows that the complained of testimony was first elicited during the defendant's direct examination of the witness, and that the testimony apparently was the result of the witness' confusion concerning which incident he was being questioned about. No objection or motion to strike was made by defendant at that time. However, when the State sought to cross-examine the witness concerning the earlier incident, the defendant objected and requested an instruction to the jury. The trial court found that "based on the questions, I think there was some confusion about whether or not this happened the same night. The testimony now is that it happened at an earlier time, so I think that clarifies the matter, and I'll sustain the objection as to any further testimony." The defendant did not renew his request for curative instructions to the jury, make a motion for mistrial, or in any other manner indicate that he considered the trial court's statement to be inadequate ameliorative relief.

"Whenever improper conduct allegedly occurs in the presence of the jury, it is necessary in order to make the same a basis for review, that counsel make proper objection to it at the time made or invoke some ruling or instruction from the court and if the court refuses to grant that remedy to the movant, then it is incumbent upon him to ask the court to declare a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. *Edwards v. State*, 171 Ga. App. 264, 265 (2) (319 SE2d 101) (1984)." (Cits. and punctuation omitted.) *Castillo v. State*, 178 Ga. App. 312 (3) (342 SE2d 782) (1986). See also *Kent v. State*, 182 Ga. App. 592 (2) (356 SE2d 543) (1987). " '(A) litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an (alleged) erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. (Cit.)' *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (1) (194 SE2d 618) (1972)." *Sanders v. State*, 181 Ga. App. 117, 120 (351 SE2d 666) (1986). Consequently, this enumeration affords no basis for reversal. Accord *Henderson v. State*, 184 Ga. App. 834 (1) (363 SE2d 52) (1987).

2. Defendant also contends that the trial court erred in allowing the State to introduce evidence of defendant's prior convictions for the offenses of burglary, theft by shoplifting and theft by entering an automobile. The record shows that the trial court concluded that such

evidence was admissible after defendant, in response to a question propounded on direct examination, testified that "[he] never had any run-in with an officer like this before. This is my first time, you know, ever being charged with something like this. I never had a run in with an officer before like this."

" '(N)o evidence of a criminal defendant's general bad character or prior convictions shall be admissible against him at trial unless and until such defendant shall have first put his character in issue. (Cit.) It follows that the State cannot rebut or question the presumption of the defendant's good character unless the defendant discards the presumption thus afforded and elects to put his actual character in issue by evidence of other witnesses or by his own testimony. (Cit.)' *Phillips v. State*, 171 Ga. App. 827 (321 SE2d 393) (1984), [aff'd 254 Ga. 370 (329 SE2d 475) (1985)]." *Richardson v. State*, 173 Ga. App. 695, 696 (327 SE2d 813) (1985). Contrary to the trial court's finding, we do not believe that defendant's statement that he had never had a "run-in" with an officer "opened the character door." Accord *Richardson*, supra.

We likewise decline to find that the evidence presented here was admissible to show the falsity of defendant's statement. " 'In [an] impeachment situation, the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant.' [Cit.]" *Porter v. State*, 254 Ga. 388, 389 (330 SE2d 94) (1985). In the case at bar the prior convictions which were introduced were in no way similar to the conduct denied by the defendant, to wit, having a run in with a law enforcement officer (obstruction of an officer). Hence, the evidence of prior convictions was inadmissible as impeachment evidence. *Williams v. State*, 257 Ga. 761 (4) (363 SE2d 535) (1988); *Jones v. State*, 257 Ga. 753 (1a) (363 SE2d 529) (1988). Cf. *Porter*, supra; *Richardson*, supra; *Williams v. State*, 171 Ga. App. 927 (2) (321 SE2d 423) (1984); *Favors v. State*, 145 Ga. App. 864 (1) (244 SE2d 902) (1978). Consequently, defendant's conviction must be reversed. Accord *Johnson v. State*, 186 Ga. App. 117 (366 SE2d 424) (1987); *Carroll v. State*, 77 Ga. App. 251 (48 SE2d 491) (1948).

3. Defendant also complains of the trial court's failure to charge on the lesser included offenses of simple assault and simple battery. "The record does not reflect any request to charge on lesser included offenses presented to the trial court. In the absence of a written request, it is not error for the trial court to fail to charge on a lesser included offense." *Johnson v. State*, 179 Ga. App. 21, 23 (345 SE2d 123) (1986).

4. Contrary to defendant's assertion, the evidence was sufficient. See, e.g., *Gay v. State*, 179 Ga. App. 430 (2) (346 SE2d 877) (1986); *Whaley v. State*, 175 Ga. App. 493 (333 SE2d 691) (1985). However,

as stated in Division 2, the erroneous admission of evidence concerning prior convictions requires reversal of defendant's conviction herein.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 17, 1988.

*Robert D. Cullifer*, for appellant.
*H. Lamar Cole, District Attorney, Stephen J. Pearsall, Assistant District Attorney*, for appellee.