A89A1505. ARNOLD v. THE STATE.
(387 SE2d 417)

McMURRAY, Presiding Judge.

Defendant was indicted for aggravated assault in that he "did unlawfully commit an assault upon the [victim] by shooting him with a firearm, . . . a deadly weapon." The evidence adduced at a jury trial showed that during the evening of March 13, 1988, defendant went to the "Ram's Den" night club at the "[c]orner [of] Hill Street and Martin Luther King" in Atlanta, Georgia. Defendant attempted to enter the club, but he was asked to leave by the owner of the business. Defendant withdrew, went to his automobile and drove to the front of the night club. Defendant then "all of a sudden . . . pulled his gun

out" and fired into the club. The victim was standing in the front door and he was twice wounded, "hit once in the arm, and once in the stomach." Defendant fled. Defendant was found guilty of the crime charged and this appeal followed. *Held*:

1. Defendant asserts the general grounds.

"The weight of the evidence and the credibility of witnesses are questions for the triors of fact. *Washington v. State*, 169 Ga. App. 806, 807 (315 SE2d 37) (1984). '(T)he testimony of the defendant and his witnesses can be disbelieved by the factfinders if the (S)tate's evidence is sufficient to authorize the verdict of guilty. (Cits.)' *Post v. State*, 156 Ga. App. 191, 192 (274 SE2d 154) (1980)." *Richardson v. State*, 173 Ga. App. 695 (1) (327 SE2d 813). In the case sub judice, the State's evidence was sufficient to authorize the jury's finding that defendant was guilty of aggravated assault beyond a reasonable doubt under the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See OCGA § 16-5-21 (a) (2).

2. Next, we address defendant's contention that "[t]he trial court committed reversible error by allowing the District Attorney to impermissibly place [his] character in issue within the meaning of OCGA § 24-9-20 [(b)]." This Code subsection provides, in pertinent part, that "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

In the case sub judice, the State's attorney asked defendant three times on cross-examination if he is a violent person. Defendant responded negatively. After the third inquiry, the State' attorney asked defendant whether he is "the same Jeffery Jerome Arnold named in indictment 12604 charged and convicted for aggravated assault?" Defendant responded, "Yes[, but] that happened when I was young." Defense counsel objected and argued that the State impermissibly placed defendant's character in issue. The State's attorney argued that he was offering this evidence to prove the falsity of defendant's responses that he is not a violent person.

In *Jones v. State*, 257 Ga. 753 (363 SE2d 529), the Supreme Court held "that only where the defendant makes an election to place his good character in issue may the State offer evidence of the defendant's general bad character or his prior convictions under the authority of OCGA § 24-9-20 (b)." *Jones v. State*, 257 Ga. 753, 754 (1), 758, supra. In the case sub judice, defendant did not voluntarily place his character in issue. He merely responded to questions which placed his character in issue; i.e., "You are a rather violent person, aren't you?"; "But again you admit you are violent?" and "[B]efore I've asked you twice if you were a violent person and you said you weren't; is that correct?" This line of cross-examination was obviously an endeavor to compel defendant to respond to questions which placed his

character in issue and which insured an excuse for the State's introduction of evidence of defendant's prior criminal record. We disapprove of this endeavor and adhere to the rule that the State cannot rebut or question the presumption of a defendant's good character unless the defendant first *chooses* to place his character in issue. To say otherwise, would render meaningless one of the primary objectives of OCGA § 24-9-20 (b), to preserve the presumption of a defendant's innocence. See *Jones v. State*, 257 Ga. 753, 754 (1), 756, supra. Consequently, since defendant did not voluntarily elect to place his character in issue, the trial court erred in allowing the State to attempt to impeach defendant and place his character in issue through the introduction of evidence of defendant's prior criminal record. Compare *Richardson v. State*, 173 Ga. App. 695, 696 (2), supra. See *State v. Byrd*, 255 Ga. 665, 666 (341 SE2d 455), where there was no objection made to the State's attorney's questions to a defendant on cross-examination regarding the defendant's involvement in prior criminal activity.

3. It is unnecessary for this court to reach defendant's remaining enumeration since the alleged error raised therein is unlikely to occur upon retrial.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 16, 1989.

*M. Muffy Blue*, for appellant.

*Lewis R. Slaton, District Attorney, John M. Turner, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.