### A99A1818. PORTER v. THE STATE.
(524 SE2d 259)

PHIPPS, Judge.

Following the denial of his motion for new trial, Howard Porter appeals his conviction of possession of cocaine with intent to distribute. He contends that the trial court erred in ruling that testimony given by him on direct examination opened the door to his impeachment by evidence of prior drug convictions. Because we hold that Porter's testimony did open the door, we affirm.

Porter was driving a car in the City of Chamblee when he was stopped for traffic violations. Kevin Judy was seated in the front passenger seat. No one else was in the car. After Porter and Judy were removed from the car, crack cocaine packaged for distribution was found in the front seat and back seat areas, in a cup discarded by Judy as he was exiting the car, and in the rear of a patrol car where Porter had been placed after he was arrested on traffic charges. Judy denied having thrown down the cup, Porter denied possession of the cocaine found in the patrol car, and each claimed that the cocaine found in Porter's car belonged to the other.

On direct examination, Porter testified that he told the officers, "I don't carry no drugs," but that they nonetheless offered to drop the charges against him if he would provide information concerning other drug dealers, to which he responded, "I don't know nobody in Chamblee. I don't even associate around Chamblee." When asked by defense counsel whether he possessed or sold drugs "on that day," Porter responded that he had not.

In cross-examining Porter, the prosecuting attorney inquired, "You did not have any drugs on you at the time?" Porter responded, "I did not have no drugs on me period." The prosecutor then asked what

that meant. As Porter began to respond, saying "I ain't never," he was interrupted by defense counsel who asked for a bench conference.

Following arguments of counsel, the trial court ruled that Porter's testimony on direct examination had opened the door to admission of evidence of prior drug convictions. Over objection, evidence was presented showing a number of prior convictions of possession of cocaine or possession of cocaine with intent to distribute in Gwinnett, Fulton, and DeKalb Counties.

The general rule is that evidence of a criminal defendant's general bad character or prior convictions is inadmissible unless he first puts his character in issue.[1] This prohibition does not, however, preclude the state from rebutting testimony of a defendant by disproving the facts to which he testified, even though this incidentally places his character in issue.[2] But "[i]n an impeachment situation, the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant."[3]

Here, Porter's testimony that "I don't carry no drugs" clearly implied that he was neither in possession of drugs at the time in question nor on other occasions. His prior convictions involving possession of cocaine were properly admitted as impeachment evidence.[4]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 28, 1999.

*Maryann F. Blend*, for appellant.
*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, Jeanne M. Canavan*, Assistant District Attorneys, for appellee.

---

[1] See OCGA § 24-9-20 (b); *Williams v. State*, 187 Ga. App. 564, 566 (2) (370 SE2d 821) (1988).

[2] See *Cobb v. State*, 236 Ga. App. 265, 269 (3) (c) (511 SE2d 522) (1999); *Lucas v. State*, 234 Ga. App. 534, 538 (3) (507 SE2d 253) (1998).

[3] (Citations and punctuation omitted.) *Williams v. State*, supra; see *Bryant v. State*, 226 Ga. App. 135, 138 (4) (486 SE2d 374) (1997).

[4] See *Lucas v. State*, supra (defendant opened the door to evidence of prior DUI convictions by testifying that he would not disobey by driving under the influence); compare *Williams v. State*, 197 Ga. App. 299 (398 SE2d 285) (1990) (defendant did not open the door to evidence of arrests in one county by testifying that he had not had any dealings with the sheriff in another county); *Williams v. State*, supra, 187 Ga. App. at 566 (defendant did not open the door to admission of evidence of prior burglary and theft convictions by denying that he had ever obstructed an officer).