## A05A0585. COOPER v. THE STATE.
(612 SE2d 42)

ELLINGTON, Judge.

Following a jury trial, the Superior Court of DeKalb County convicted Rodney Cooper of felony theft by shoplifting, OCGA § 16-8-14 (a). Cooper appeals from the denial of his motion for new trial, contending the trial court erred in admitting evidence that the offense occurred just one week before Cooper was scheduled to begin serving a sentence on another charge. Finding no error, we affirm.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation omitted.) *Carswell v. State*, 263 Ga. App. 833, 834 (2) (589 SE2d 605) (2003).

At trial in this case, the loss prevention officer of a discount store testified that on January 14, 2004, he observed Cooper take a digital video recorder ("DVR") from a shelf in the electronics department, place it in a buggy, and wheel the buggy to the customer service desk at the front of the store. The loss prevention officer testified that Cooper attempted to receive a refund on the DVR, which retailed for $387. When the customer service manager refused to provide a refund, Cooper wheeled the buggy, still containing the DVR, out of the store. The loss prevention officer and another store employee stopped Cooper and demanded that Cooper return to the store. Back inside the store, the loss prevention officer asked Cooper why he took the DVR, and Cooper replied that he "needed the money[;] times are kind of hard." The other store employee involved in stopping Cooper testified consistently with the first witness.

Cooper took the stand in his own behalf and testified that he went to the store that day to buy a DVR. Cooper testified that he anticipated spending about $250 for the equipment and that he had the money with him. He testified that after selecting a DVR he could not find the price and that he put the merchandise in his buggy and went to the customer service desk for a price check. Cooper testified that he could not get any help at the customer service desk, so he left the DVR on the counter, pushed the buggy to the wall, and exited the store empty-handed. Cooper denied trying to steal the DVR and denied making the statement to store employees that he took the merchandise because times were rough.

On cross-examination, the State explored the issue of whether Cooper could afford the DVR. Cooper testified that he was employed as a carpenter at the time of the offense and that, although his employer did not have work for him the week of January 14, 2004, he expected to be working on a new project the following week. The prosecutor asked how long he was expecting to work on that project,

and Cooper answered that he was not certain because the company's projects varied, but possibly two to three weeks. The following colloquy took place:

> Q: And you knew of no reason why you wouldn't be able to be steadily employed once you started working again; right?
> A: Oh, I have a steady job.
> Q: Well, there was no problem with your spending $250 or so on this recorder; right?
> A: Oh, no.

At this point, the State asked for a bench conference in anticipation of Cooper's objection to the upcoming series of questions and answers concerning the fact that the offense occurred exactly one week before Cooper was scheduled to begin serving a 90-day sentence on another charge. The trial court denied Cooper's objection on the basis that evidence of the timing of Cooper's upcoming incarceration served to impeach his testimony that he could afford the DVR because he expected to be steadily employed in the weeks following the offense. Cooper then admitted on cross-examination that on the date of the offense he knew that one week later he would begin a 90-day period in custody and unable to earn any income for that period.

Georgia evidence law provides that if a defendant in a criminal case chooses to testify in his own behalf "he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b).

> This general rule, however, does not preclude the [S]tate from rebutting testimony of a defendant by disproving the facts to which he testified, even though this incidentally places his character in issue. In other words, the State may impeach the defendant with evidence reflecting badly on his character, as long as that evidence proves the defendant's specific testimony false.

(Punctuation and footnotes omitted.) *Leary v. State*, 256 Ga. App. 639, 641 (2) (569 SE2d 593) (2002). See OCGA § 24-9-82 ("A witness may be impeached by disproving the facts testified to by him.").

As the trial court found, evidence that Cooper knew he would be incarcerated for 90 days beginning one week after the offense contradicted his testimony that he expected to be steadily employed in the weeks following the offense. Accordingly, the trial court did not abuse its discretion in allowing the evidence to impeach Cooper's

testimony. *Leary v. State*, 256 Ga. App. at 642 (2) (evidence of defendant's prior theft conviction was admissible to impeach defendant's testimony to the effect that he was trustworthy and would not steal); *Porter v. State*, 240 Ga. App. 554, 555 (524 SE2d 259) (1999) (evidence of defendant's prior convictions involving possession of cocaine was admissible to impeach defendant's testimony that "I don't carry no drugs"); *Kelley v. State*, 233 Ga. App. 244, 250 (4) (503 SE2d 881) (1998) (photographs showing the defendant walking around his house in the nude were admissible to impeach defendant's testimony that he never walked around the house nude); *Williams v. State*, 171 Ga. App. 927, 928 (2) (321 SE2d 423) (1984) (evidence of defendant's prior arrests as a juvenile were admissible to impeach defendant's testimony that he had never before been in any kind of trouble).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2005.

*Eric R. Johnson II*, for appellant.

*Jeffrey H. Brickman, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney*, for appellee.