## 38744. BROWN v. THE STATE.

FRANKUM, Judge. 1. The defendant was convicted of possessing more than one quart of intoxicating liquors in a dry county in violation of *Code Ann.* § 58-1077. The defendant filed a motion for a new trial, and later several special grounds were added by amendment. The defendant assigns as error the trial court's order overruling the amended motion for a new trial. ·

2. The general grounds of the motion are without merit. The evidence shows that several officers entered the defendant's home with a search warrant, and that three pints of liquor were found in the defendant's bed in her bedroom, while other amounts were found elsewhere in the defendant's house. The defendant, in her unsworn statement, said that she was in her bed when the officers arrived. The fact that the defendant's son, who was staying at her house, testified that some of the whisky was his, only made an issue for the jury. The evidence was sufficient to authorize the jury to find that the whisky found in the defendant's bed, which was occupied by her, was in her actual possession and control in violation of *Code Ann.* § 58-1077.

3. One special· ground of the amended motion for a new trial assigns as error the failure of the trial judge to charge a written request as follows: " 'Evidence that more than the legal limit of tax-paid liquor is located on premises occupied by and under the control of the defendant is usually sufficient to sustain a conviction. The rule is otherwise where liquor is found on premises occupied by the defendant, but it af-

firmatively appears that persons other than the defendant and members of her immediate household of which she is the head had equal opportunity with her to commit the crime.' " The State's case was stronger than the bare presumption, viz., that when alcoholic liquor is found in a dwelling, it is presumed to belong to the head of the household. Three pints of whisky were found in the defendant's bedroom in her bed, which she was occupying at the time. One pint was found under the sheet, one pint in a pillowcase, and one pint under the mattress. Under the facts and circumstances of this case, the evidence shows that more than one quart of intoxicating liquor was in the actual possession of the accused. As noted by the trial judge in his order overruling the defendant's motion for a new trial: "It is noted throughout the amended motion that apparently counsel assumed that the court had charged the jury the principle of law that the head of a household was presumed to be the owner of all whisky found on the premises under her control. No such charge was given."

Under the charge of the court to the jury, the State had the burden of proving that the defendant had the actual possession of the intoxicating liquors. The crime described by *Code Ann.* § 58-1077 does not involve the question of ownership, but it is the possession or control of tax-paid intoxicating liquors in a dry county in an amount exceeding one quart, which is condemned. The court did not charge the elements of presumption and, consequently, required the State to prove actual possession. The charge given by the court was more favorable to the accused than the one requested, and, therefore, the court's refusal to give the request was harmless.

4. Special grounds 4, 5 and 6 of the amended motion for a new trial were expressly abandoned by the defendant. Special ground 10 of the amended motion for a new trial, which complains of a portion of the charge, is without merit. The charge complained of was given in the exact language of *Code Ann.* § 58-1077.

5. The failure to charge written requests is the basis of the assignment of error in special grounds 8 and 9 of the amended motion for a new trial. These special grounds have no merit. The request set forth in special ground 8 is incomplete (see *Summerour v. Pappa,* 119 Ga. 1 (4), 45 S. E. 713), and the

request set forth in special ground 9 does not contain an accurate statement of law. *Wall v. State,* 126 Ga. 86 (54 S. E. 815) ; *Loeb v. State,* 6 Ga. App. 23 (64 S. E. 338).

*Judgment affirmed.* *Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 18, 1961.

*Scoggin & Minge, Hamilton & Anderson, George Anderson,* for plaintiff in error.

*Chastine Parker, Solicitor-General,* contra.