## 56573. MCCANE v. THE STATE.

SHULMAN, Judge.

This appeal is from appellant's conviction for the offense of reckless conduct. Code Ann. § 26-2910. The indictment alleged that appellant endangered the life of named persons by shooting at and in the direction of their mobile home.

1. "The first enumeration of error is on the general grounds. 'On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cit.]

" 'In considering the ... general grounds on appeal, the defendant's testimony and that of his witnesses can be disregarded by the appellate court if the fact finders' verdict shows that such testimony was not believed. [Cit.]' [Cit.] The state's evidence was sufficient to authorize the verdict of guilty." *Pinkney v. State,* 144 Ga. App. 768 (242 SE2d 364).

2. Appellant's second enumeration of error contends that the trial court erred in refusing appellant's written requests to charge the jury. We find no such error.

Appellant's first two requested charges were on criminal intent. The trial court's charge on that issue was from the Model Jury Charges adopted by the Council of Superior Court Judges of Georgia. The language concerning intent was from Code Ann. § 26-605. As given, the charge correctly covered the requested principle of law. There was no error in refusing appellant's charge. *Carter v. State,* 146 Ga. App. 322 (3) (246 SE2d 378).

The charge on justification requested by appellant consisted of the first portion of Code Ann. § 26-901, which states that there is a defense of justification, but omitted the list of circumstances in which justification could be claimed. The requested instruction was, therefore, incomplete and there was no error in refusing to give the charge. *Brown v. State,* 103 Ga. App. 525 (5) (119 SE2d

721).

The last two requests that appellant contends were refused by the trial court were taken from Code Ann. § 26-2910, the section under which appellant was indicted. Appellant's complaint is not that the trial court did not give that section in its charge, but that the court did not break the section into two parts as appellant requested. The court's refusal to split the Code section into two parts was not error for the same reason the court's refusal to charge in the requested language of appellant's first two charges was not error: the charge as given correctly covered the requested principle of law. *Carter v. State,* supra.

3. In his final enumeration of error, appellant contends that the trial court committed reversible error in denying appellant's motion for a directed verdict. In a criminal case, a directed verdict of acquittal may be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal. Code Ann. § 27-1802. Since, as we held in Division 1 of this opinion, the evidence here authorized appellant's conviction, that evidence could hardly be found to demand a verdict of acquittal. There was no error in denying appellant's motion for a directed verdict. See also *Mitchell v. State,* 238 Ga. 167 (231 SE2d 773).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 25, 1978.

*Robert E. Reily, III,* for appellant.

*J. W. Morgan, District Attorney, Charles E. Day, Assistant District Attorney,* for appellee.