## 64279. YOUNG v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for the offense of escape while serving a sentence for the offense of armed robbery. He was found guilty by a jury and upon the denial of his motion for new trial, he appeals. *Held:*

1. In defendant's first enumeration of error he contends "[t]he Trial Court erred in refusing to allow evidence as to coercion and justification to be brought before the jury." Defendant admitted the escape but his defense was that he did so by reason of justification (Code Ann. § 26-901 (2); Ga. L. 1968, pp. 1249, 1272) under such coercion as reasonably believing the act was the only way to prevent "his imminent death or great bodily injury." Code Ann. § 26-906 (Ga. L. 1968, pp. 1249, 1274). However, this enumeration of error is not well taken for when he sought to introduce his testimony in regard thereto he did so fully without objection except in one instance as to defense counsel leading the witness with respect to the guard threatening inmates (in particular the defendant and others). Defense counsel was also allowed a thorough and sifting cross-examination of the guard who denied that he ever pointed a gun at the defendant or acted like he was going to shoot the defendant, nor did he hold a gun in a threatening fashion. It is true that the trial court did rule out this testimony over defense counsel's insistence that it was presented "towards justification." Nevertheless, counsel did not proceed further in the examination of this witness who had denied any coercion of the defendant or anyone else except that he had threatened two inmates since he had been on the detail but he had lawful cause to do so as to those two inmates. Defense counsel failed to show what other evidence he intended to produce as to coercion and justification as to this witness despite the fact that the court ruled out this testimony which was merely a denial by the guard that he had ever used coercion or threatened the defendant. It is true that under the defendant's sole defense he was entitled to a thorough and sifting cross-examination of this state's witness as to the circumstances surrounding the defendant's and another inmate's simultaneous escape but we find no reversible error. There is no merit in this enumeration.

2. Defendant's motion for continuance is the subject matter of his next enumeration. Counsel contended he did not have sufficient time in which to prepare the case and he did not have an opportunity to subpoena certain witnesses whose testimony would be material to the defendant's defense, that is, the guard of the prison work detail had on other occasions threatened the various prisoners on the work detail. At the hearing on the motion for continuance the defendant

testified that the guard "would just throw the gun at us for no reason at all and laugh, playing with us, I guess. I don't know, but I would call it playing, but that is a very serious thing, because the gun could accidentally go off." Defense counsel insisted this testimony of other inmates would be relevant to defendant's defense. However, the motion for continuance is addressed to the sound discretion of the trial court and same will not be disturbed by this court unless manifestly abused. See *Williams v. State,* 148 Ga. App. 55 (1) (250 SE2d 848); *Nix v. State,* 157 Ga. App. 406, 407 (1) (277 SE2d 768); *Foster v. State,* 213 Ga. 601, 603 (100 SE2d 426). As the colloquy surrounding defense counsel's opportunity to investigate and prepare defendant's trial showed that he had some three full days to do so, we cannot hold that the trial court abused its discretion in denying the motion for continuance.

3. The third enumeration is concerned with the failure of the trial court "to charge on the defenses of justification and coercion," that is, the defendant reasonably believed that the only way to prevent his injury from the guard was for him to escape. Defendant's testimony involves a claim of coercion from the activities of the guard. He testified that he was in fear of injury from the guard pointing the gun at him laughing and playing. He further testified that if the guard kept pointing the gun at him it might accidentally go off, but the guard had not done so on the day of the escape.

The record before us reveals that the defendant made the following request to charge: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct." In his brief defendant admits that a "request to charge on coercion was not filed but as this was Appellant's sole defense to the charge that he escaped, the Court erred in failing to so charge on that defense even in the absence of a request to charge." The charge on justification requested by defendant consisted only of the first portion of Code Ann. § 26-901, supra, but omitted any one or more of the circumstances in which justification could be claimed and therefore was incomplete. Insofar as a failure to give a written request to charge is concerned it was not error for the trial court to refuse to charge this particular written request. See *Brown v. State,* 103 Ga. App. 525, 526 (5) (119 SE2d 721); *McCane v. State,* 147 Ga. App. 730 (2) (250 SE2d 181).

Notwithstanding defendant's contention that coercion constituted his sole defense, the trial court was not required to give a charge thereon since it was not authorized by the evidence. See *Sapp v. State,* 155 Ga. App. 485, 486 (271 SE2d 19); *Gunter v. State,* 155 Ga. App. 176 (3) (270 SE2d 224). The evidence failed to show that the defendant's act of escape was the only way to prevent "his imminent

death or great bodily injury." This enumeration is without merit.

4. In his final enumeration the defendant contends that the trial court erred in sentencing defendant to serve the maximum time provided by law for the offense of escape and additionally imposing a fine of $2,000. The state, in its brief, concedes that the fine of $2,000 is not authorized under Code Ann. § 27-2529 (Ga. L. 1979, p. 848). Code Ann. § 27-2529, supra, authorizes the court in its discretion, when imposing a sentence probating a felony conviction, to impose a fine "as a condition to such probation" not to exceed $10,000 or the amount of the maximum fine which may be imposed for conviction of such a felony, whichever is greater. As the defendant was not placed on probation the fine imposed in the case sub judice was not authorized and the defendant must be resentenced.

*Judgment affirmed as to the conviction; reversed as to the sentence. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 14, 1982.

*H. Bradford Morris, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.