68767, 68956. HICKS v. THE STATE (two cases).
(323 SE2d 226)

SOGNIER, Judge.

Hicks appeals his conviction of four counts of vehicular homicide.

1. Appellant's appointed counsel filed an appeal on behalf of appellant, but has now filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), contending that after careful review of the transcript and record, counsel believes that any appeal from the conviction would be frivolous and without any legal basis. A copy of the motion to withdraw as counsel and the brief in support thereof was served upon appellant. Counsel has met all requirements of Anders, supra, and *Bethay v. State*, 237 Ga. 625 (229 SE2d 406) (1976). After a careful review of the record and transcript, together with the brief filed by counsel, we are in agreement with counsel that no errors of substance were committed. Accordingly, we find the appeal to be wholly frivolous and counsel's motion to withdraw is granted. See *Ford v. State*, 166 Ga. App. 223 (303 SE2d 767) (1983).

2. After receiving notice of his counsel's request to withdraw appellant, acting pro se, filed enumerations of error and numerous motions. The motions were not made or ruled upon at trial, so there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

3. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal, because there was no evidence as to the cause of death of Paul Stokes and Myra Atchison, two of the four alleged victims of vehicular homicide. Appellant also contends there was no proof of death by vehicle. This enumeration of error is without merit.

The evidence disclosed that appellant and several friends went to a disco around midnight and remained until it closed about 4:00 a.m. Appellant and six other persons got in appellant's car to return to Decatur. Appellant was driving fast and refused to slow down; he lost control of the car which skidded and struck a pole. Appellant, Sharon Palmer and Jerome Scott managed to get out of the front seat of the car. Palmer and Scott attempted to get Brenda Scott out of the back seat, but the car caught fire and the four passengers in the rear of the car burned to death. Paul Stokes and Myra Atchison were two of the four passengers who died as a result of the accident. Appellant was taken to the hospital for examination, and a blood test showed that he had a blood alcohol count of .14.

We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

4. Appellant's remaining enumerations of error, which go to the weight of the evidence and credibility of witnesses, are without merit.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 4, 1984.

Willie Lewis Hicks, *pro se.*
Robert E. Wilson, *District Attorney,* Barbara B. Conroy, Thomas S. Clegg, *Assistant District Attorneys,* for appellee.