70178. HAMMETT v. THE STATE.
(332 SE2d 167)

</div>

CARLEY, Judge.

Appellant appeals from her convictions of homicide by vehicle in the second degree, improper lane change, and leaving the scene of an accident.

1. Appellant enumerates as error the denial of her motion for directed verdicts of acquittal.

Evidence was presented at trial to show that on the night of the fatality, the victim's truck had run out of gas and was stopped in the emergency lane of an interstate highway. The truck was completely removed from the roadway, at least four feet from the nearest traffic

lane, and it was not impeding traffic in any way, even though the door was slightly ajar. The interstate highway was illuminated, and the truck was stopped approximately six feet from a street light. The truck's emergency flashers were in operation. The victim was apparently outside of the truck near the driver's door. Appellant, who was driving her car along the edge of the adjacent traffic lane, struck the victim and his truck, but she did not stop. An occupant of another vehicle observed the collision and saw the victim fall into the roadway as an immediate consequence of the impact. This passerby and her husband noted the license number of the vehicle which left the scene. They reported the event to police and provided a description of a light blue Cadillac driven by a woman who subsequently was determined to be appellant. The police checked the registration of the blue car and discovered that it was owned by appellant and her husband. They then went to appellant's house, where they saw the Cadillac parked in plain view in the carport. The car had sustained substantial damage on the passenger's side. Appellant admitted that she had seen the victim's truck in the emergency lane of the interstate highway, and that she had sideswiped the truck and had left the scene of the collision, but she denied hitting or killing any person. She further stated that she had not left the traffic lane and had not entered the emergency lane at any time. However, hair and fabric recovered from the damaged side of appellant's car were consistent with hair and fabric removed from the victim's body, and paint chips found on the victim's clothing and on his truck matched the paint from appellant's automobile. A piece of a broken plastic turn signal indicator from appellant's car was recovered from the scene of the collision. The victim's death was caused by his being hit, but not run over, by a motor vehicle.

Since the foregoing evidence was sufficient to support appellant's convictions, it necessarily follows that the trial court did not err in refusing to direct verdicts of acquittal. *Hicks v. State*, 172 Ga. App. 312, 313 (3) (323 SE2d 226) (1984). See also *Jones v. State*, 167 Ga. App. 847 (1) (307 SE2d 735) (1983); *Walker v. State*, 163 Ga. App. 638 (295 SE2d 574) (1982).

2. Appellant also enumerates as error the trial court's failure to instruct the jury on intervening causes and on certain duties of pedestrians. However, there was no evidence whatsoever to support charges on these legal principles. Accordingly, the failure so to instruct the jury was not error. *Young v. State*, 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982); *Jones v. State*, 171 Ga. App. 184, 187 (6) (319 SE2d 18) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 28, 1985 —
REHEARING DENIED JUNE 12, 1985 —

*Frank J. Petrella*, for appellant.
*James L. Webb, Solicitor, Christina Craddock, Deborah S. Greene, Assistant Solicitors*, for appellee.