## 77580. LESTER v. THE STATE.
(378 SE2d 364)

BEASLEY, Judge.

On count one of a three-count indictment, defendant was originally sentenced for the sale of cocaine (OCGA § 16-13-30 (b)) to thirty years and a $10,000 fine. He received the same sentence on count two, possession of cocaine (OCGA § 16-13-30 (a)), the term of imprisonment to be consecutive, so that the two sentences totalled sixty years imprisonment and $20,000. The sentence on count three, possession of marijuana (OCGA § 16-13-30 (j) (1)), was twelve months. Defendant was a repeat offender as to possession.

He filed a motion to vacate the fine on the basis that OCGA § 16-13-30 does not provide for a fine and, in addition, that where the maximum sentence is imposed without probation a fine may not be

imposed. In the original sentencing hearing, the court indicated its intent, that defendant be sentenced to the maximum allowed by law, by agreeing with the district attorney's request for the maximum. During the hearing on the motion, the district attorney conceded that the sentence was "technically incorrect" in not providing a period of probation since a fine was imposed. The trial court, in the context of what was being argued by both sides, orally announced that the sentence would be reduced on each count to twenty-five years to run consecutively. The written judgment provided sentences on each of the first two counts of thirty years, twenty-five years in confinement and five years on probation, plus a $10,000 fine. It specified that the sentence on count two was to be consecutive.

Defendant raises two alleged errors: that the imposition of a sentence in excess of that announced orally is not permitted after execution of his sentence began; that imposing a fine is not allowed because no part of the term of imprisonment was probated.

As to the first, he relies upon OCGA § 17-10-1 and several cases which support the proposition, including *Inman v. State*, 124 Ga. App. 190, 192 (183 SE2d 413) (1971). There it was recognized that while an oral sentence is not a binding judgment, "once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy." See also *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981).

During the motion hearing the State requested a sentence for each of the first two counts of twenty-nine years with one year of probation and a $10,000 fine. It was in this context that the court stated that it was going to reduce the sentences to twenty-five years to run consecutively. The court specifically declined to reduce or eliminate the fines, and reiterated the intent to impose the maximum sentence allowed by law. This would be thirty years. Reasonably construed, the sentences orally announced as to each of counts one and two were thirty years, with twenty-five to serve plus five on probation, and a fine of $10,000. Under these circumstances, the sentence as finally entered did not vary from that which was orally announced by the trial court and the cited cases are not applicable because there was no "increase." See *Henderson v. State*, 162 Ga. App. 320, 324 (5) (292 SE2d 77) (1982).

Defendant also urges that since defendant's sentence was orally set at twenty-five years to serve and there was no provision for probation, a fine could not be imposed under OCGA § 16-13-30. This would be correct if defendant's premise were true. *Castillo v. State*, 166 Ga. App. 817, 824 (7) (305 SE2d 629) (1983); *Young v. State*, 163 Ga. App. 507, 509 (4) (295 SE2d 175) (1982); *Taylor v. State*, 149 Ga.

App. 362, 364 (3) (254 SE2d 432) (1979).

However, since a portion of defendant's sentence was reduced from imprisonment to probation, a fine of up to $10,000 was authorized as a condition of probation. OCGA § 17-10-8. The court did not violate OCGA § 17-10-2 (a). Both *Castillo* and *Young*, supra, acknowledge this distinction. The punishments provided in OCGA § 16-13-30 do not preclude probation as a punishment. OCGA § 17-10-1 (a); *Knight v. State*, 243 Ga. 770, 772 (2) (257 SE2d 182) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*