## A06A2330. PATTERSON v. THE STATE.
(645 SE2d 38)

BARNES, Chief Judge.

Following a jury trial, Willie Patterson was found guilty of three counts of aggravated stalking and was sentenced to serve ten years in prison. Patterson claims that his convictions must be vacated because (1) the State failed to show that he knowingly and voluntarily waived his right to counsel before he pled guilty to misdemeanor criminal trespass; (2) he did not know or have notice that as a condition of probation he was to have no contact with the victim; (3) his trial counsel was ineffective; (4) the victim consented to the contact; (5) he did not intend to harass or intimidate the victim; and (6) the trial court erred in sentencing him. We find no merit to these claims and affirm Patterson's conviction.

"On appeal, [Patterson] no longer enjoys a presumption of innocence, and we construe the evidence, and all reasonable inferences therefrom, in a light most favorable to the jury's verdict." *Alexander v. State*, 264 Ga. App. 251 (1) (590 SE2d 233) (2003).

So viewed, the evidence shows that Patterson and the victim had a romantic relationship for approximately six months before she ended the relationship because of Patterson's verbal and physical

abuse. Patterson continued contacting the victim by calling her sometimes 20 to 30 times a day and standing outside her house and yelling. In September 2003 police issued Patterson a criminal trespass warning after he continued going to her home.

In April 2004, Patterson showed up at the victim's house demanding to talk with her and acting erratically. She telephoned police, and Patterson was arrested for criminal trespass, to which he pled guilty and was sentenced to 18 months probation. As a condition of the probation, he was to have no contact "of any kind whatsoever" with the victim. Patterson continued to call the victim, leave notes on her car, and send her cards. In one note, he said that "I knocked. You didn't answer. I hope you didn't upset no one because I knocked on your door. Things always get blown out of proportion with me and you."

On June 5, 2004, Patterson came to the victim's house and told her that he needed to talk with her. She told him to leave and called the police. Patterson left, but called her home shortly after police arrived. An officer spoke with Patterson and told him that he was not to contact the victim, but Patterson hung up and called again. The officer advised him that he would be charged for violating the no-contact order.

Patterson was indicted for three counts of aggravated stalking, and following a jury trial was found guilty on all three counts.

1. Patterson first argues that his convictions must be vacated because the State did not show that he knowingly and voluntarily waived his right to counsel before he pled guilty to misdemeanor criminal trespass, which the State used at trial. Patterson, however, failed to object at trial to any deficiencies in the earlier conviction or its use in these convictions. Patterson cannot raise the issue for the first time on appeal; thus he has waived any arguments he may have had as to this issue on appeal. See generally *Johnson v. State*, 171 Ga. App. 851, 854 (1) (321 SE2d 402) (1984). Moreover, Patterson's prior conviction was not used to enhance his sentence. The conviction was presented to show that he had been ordered not to have contact with the victim. A prior conviction is not required to prove aggravated stalking.

A person commits the offense of aggravated stalking when such person, in violation of a . . . temporary protective order, permanent restraining order, permanent protective order . . . or condition of pretrial release . . . follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-91 (a).

2. Patterson next contends that his convictions must be vacated because the State did not prove that he was aware of the probation condition requiring that he have no contact with the victim. This argument is meritless.

In *State v. Carlisle*, 280 Ga. 770 (631 SE2d 347) (2006), our Supreme Court held that the appellant's knowledge of the exact type of order being violated was not material to whether he committed the crime. Id. at 772 (2). "Rather, [Patterson] simply had to be aware that a court order was in effect that prohibited [him] from contacting the victim." Id. The evidence demonstrates that Patterson knew that he was to have no contact with the victim. Whether he was aware that the no-contact order was a condition of his probation is irrelevant to whether Patterson committed the crime.

3. Patterson also claims that his trial counsel was ineffective. We do not agree.

To establish ineffective assistance of counsel, Patterson "must show that (1) counsel's performance was deficient, and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency." *Cowan v. State*, 243 Ga. App. 388, 396 (10) (531 SE2d 785) (2000). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. *Jack v. State*, 245 Ga. App. 216, 219-220 (6) (536 SE2d 235) (2000).

The record shows that before the jury was called in, Patterson complained that his trial counsel was ineffective because he did not subpoena a certain witness. His trial counsel stated that he did not subpoena the witness because he believed the witness could potentially hurt Patterson's case and he "made the strategic decision not to subpoena him." The trial court held that Patterson had not shown that his trial counsel was ineffective and that Patterson was attempting to postpone the trial.

We have repeatedly held that trial strategy and tactics do not equate with ineffective assistance of counsel; further, "[t]here is a strong presumption that trial counsel's performance fell within the wide range of reasonable professional assistance, and that any challenged action was sound trial strategy." (Punctuation and footnote omitted.) *Glore v. State*, 241 Ga. App. 646, 649 (3) (526 SE2d 630) (1999). Accordingly, we find no error in the trial court's ruling.

Regarding Patterson's claim that trial counsel was ineffective in failing to request a jury charge on the lesser included offense of harassing telephone calls, no motion for new trial was filed on Patterson's behalf, so no claim of ineffective assistance of counsel was raised in the court below and this issue has not been ruled on.

However, trial counsel filed the notice of appeal, and appellate counsel did not file an entry of appearance in the case until several months after the notice of appeal was filed. Thus, the record shows that the instant appeal is the "earliest practicable moment" that Patterson's appellate counsel could raise an ineffective assistance claim against trial counsel. Even so, "[i]n cases such as this, when the issue can be decided from the record on appeal, a remand to the trial court for a ruling on this issue would be 'wasteful of judicial and legal resources' and 'would serve no useful purpose.'" (Citations omitted.) *Forsman v. State*, 239 Ga. App. 612, 615 (8) (521 SE2d 410) (1999); see also *Elrod v. State*, 222 Ga. App. 704, 705 (1) (475 SE2d 710) (1996).

> [A] crime is considered "included" in another offense when it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. OCGA § 16-1-6 (1). . . . However, the complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense. Under the facts of this case, the state's evidence was sufficient to establish all of the elements of the indicted offense of [stalking]; [Patterson's] defense was that he never made any [calls intended to harass or intimidate the victim]. Thus, under the evidence, either appellant was guilty of the indicted offense or he was guilty of no offense whatsoever. Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense. Accordingly, under the circumstances existing herein, there was no error in the trial court's refusal to charge the lesser included offense.

(Citations and punctuation omitted; emphasis in original.) *Todd v. State*, 230 Ga. App. 849 (1) (498 SE2d 142) (1998), overruled on other grounds, *Johnson v. State*, 272 Ga. 468, 469 (1) (a) (532 SE2d 377) (2000). "[F]ailure to make a meritless objection does not constitute ineffective assistance of counsel." *Mobley v. State*, 277 Ga. App. 267, 273 (3) (a) (626 SE2d 248) (2006).

4. In two enumerations of error, Patterson contends that the victim consented to the contact and that he did not intend to intimidate or harass her.

(a) Patterson contends that his convictions must be overturned because the victim consented to the contact. However, any decision

whether the victim consented to contact with Patterson is a matter solely within the province of the jury; they address themselves to credibility of the witnesses. *Johnson v. State*, 273 Ga. 872, 874 (2) (548 SE2d 292) (2001). When asked if she wanted Patterson to come over, the victim testified "never."

(b) "[T]he term 'harassing and intimidating' means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety . . . and which serves no legitimate purpose." OCGA § 16-5-90 (a) (1).

Patterson violated an order prohibiting him from contacting the victim when he continued to call the victim, send her cards, show up at her home, and leave her notes.

> Even though his comments to her were not overtly threatening, given the history of [Patterson's] persistent, disturbing actions, and his refusal to leave the victim alone, a rational jury could have found beyond a reasonable doubt that such acts were intended to harass and intimidate and placed the victim in fear for her safety. [Cit.]

*Hennessey v. State*, 282 Ga. App. 857, 860 (640 SE2d 362) (2006).

5. Patterson was originally sentenced to serve ten years with three years and six months to be served in prison and the remaining time on probation. After the trial court told him his sentence, Patterson responded, "Can I just say one thing, Your Honor? I just want to do the whole time. I don't want no probation. I just want to do the whole fifteen years — the ten years or whatever it is." The trial court said that it would not grant his request. As Patterson was being escorted out of the courtroom, he called out "I love you Linda." The trial court reiterated that he was to have no contact with the victim and that "it appears to me that no matter what we do, you're going to do what you want to do. . . . Your request is granted. You can serve the whole ten years."

Patterson argues that it was error for the trial court to resentence him to a more lengthy sentence after already imposing a sentence. We do not agree.

The sentence orally announced as to each of the counts of aggravated stalking was ten years to serve concurrently. Although originally to be served with six years and six months on probation, the sentence, nevertheless, was ten years. Accordingly, the sentence as finally entered did not vary from that which was orally announced by the trial court and there was no "increase" in his sentence. *Lester v. State*, 190 Ga. App. 59, 60 (378 SE2d 364) (1989).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 21, 2007 —
RECONSIDERATION DENIED APRIL 5, 2007.

*John G. Edwards*, for appellant.
*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.