A07A1469. MONTGOMERY v. THE STATE.
(651 SE2d 491)

JOHNSON, Presiding Judge.

A jury found Damien Montgomery guilty of armed robbery. Montgomery appeals, alleging the trial court erred in its charge to the jury and erred in admitting his written statement and oral statement into evidence. We find no error and affirm Montgomery's conviction.

Viewed in a light most favorable to the verdict, the record shows that Montgomery came to the victim's house to visit. Later that same night, Montgomery and three other persons, most of whom the victim also knew, rang her doorbell and pushed the door open when the victim answered the door. Montgomery put a gun to the victim's head and repeatedly asked, "Where it's at?" Montgomery and the other men opened cabinets, drawers and closets in the house. They found $120 in a drawer and left with the money. The police arrested Montgomery and read him his *Miranda* rights. Montgomery told the officers about how he and the others had planned the robbery and about his plans to split any stolen money with the others. He admitted holding the gun to the victim's head. Montgomery also confessed in writing and signed the document.

1. In his first enumeration of error, Montgomery argues that it was error for the trial court to include the full definition of "offensive weapon" in the jury instruction since the indictment alleged that Montgomery had used a gun. He suggests that, by doing so, the trial court made the jury think it was authorized to convict Montgomery for committing an armed robbery in a manner other than as alleged in the indictment. We find no reversible error.

The definition of "offensive weapon" given in the charge stated: "An offensive weapon is any object, device, or instrument which, when used offensively against a person, is likely to or gives the appearance of being likely to, or actually does result in death or serious bodily injury." However, contrary to Montgomery's argument, the trial court never instructed the jury that it could convict Montgomery of committing an act not alleged in the indictment; on the contrary, the judge told the jury it could convict if it "should find and

believe beyond a reasonable doubt that the defendant in Upson County, Georgia, did, on or about the date alleged in the indictment, January 12, 2004, commit the offense of armed robbery as alleged in the indictment."

Viewing the charge in its entirety, it is clear the trial court did not mislead the jury by charging the complete Code section. In fact, the trial court specifically tailored the instruction to fit the allegations in the indictment.[1] The trial court began the charge by reading the indictment to the jury, the jury was then instructed that the indictment framed the issues for its deliberation, the jury was later told it could convict only if it found beyond a reasonable doubt that Montgomery committed the offense as alleged in the indictment, and the indictment went out with the jury during its deliberations. The trial court did not err in its charge to the jury.

2. Montgomery contends the trial court erred in admitting into evidence his oral and written statements. According to Montgomery, the police ignored his request for counsel and coerced his statements. The trial court conducted a *Jackson-Denno* hearing and found that the statements were

> admissible, freely and voluntarily made without the slightest hope of benefit or the remotest fear of injury, after his Miranda rights were given. . . . [T]he Thomaston Police Department did everything required by law to make this an admissible statement and did not violate any law in procuring it.

This Court must uphold the trial court's determination unless it is clearly erroneous.[2] We find no such error.

Before Montgomery gave both the oral and written custodial statements, the police presented written *Miranda* warnings to him. Montgomery read the warnings and signed a document acknowledging that he understood his rights. The officer to whom Montgomery gave his statements testified that he had been in law enforcement for 11 years, had observed persons under the influence of alcohol or drugs, and that Montgomery was not under the influence of intoxicants when he gave the statements. The officer further testified that Montgomery never stopped or asked to have an attorney present while giving his statements, and that no one made any threats or promises to Montgomery to coerce him in any way to make his statements.

---

[1] See *Simmons v. State*, 207 Ga. App. 171 (427 SE2d 560) (1993).
[2] *Henry v. State*, 264 Ga. 861, 862 (2) (452 SE2d 505) (1995).

Montgomery testified at the *Jackson-Denno* hearing that he requested an attorney and was told it would be a few days for him to get an attorney and that he would be delayed in his effort to get a bond if he wanted a lawyer. Montgomery also claims that he was told he "would never see the light of day again" if he did not confess and that no additional charges would be filed against him if he confessed. He also claims he was promised ten years' probation if he confessed.

Here, the issue boils down to the credibility of the witnesses at the *Jackson-Denno* hearing. Clearly, the trial court rejected Montgomery's testimony and believed the officer's testimony. "A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will withstand attack on appeal unless they are clearly erroneous."[3] This Court will not interfere with findings of the trier of fact where, as here, there is evidence to support the factual findings.[4] The trial court's findings that the confessions were admissible are supported by the police officer's testimony and the signed *Miranda* warnings. It was not error to admit the statements.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 30, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.

---

[3] (Citation omitted.) *Walker v. State*, 186 Ga. App. 765, 766 (2) (368 SE2d 547) (1988).
[4] Id.
[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).