## A08A1407. TURNER v. THE STATE.
### (668 SE2d 268)

ANDREWS, Judge.

Travis Turner appeals from the judgment entered after a jury found him guilty of aggravated assault. Turner claims that the State did not prove venue beyond a reasonable doubt and that the trial court erred in refusing to strike a juror for cause and in its charge to the jury. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that the victim Eric Johnson, who was in jail at the time, asked Turner to let him keep his car in Turner's driveway. Turner agreed. Johnson told Turner not to drive the car. At some point and while still in jail, Johnson called Turner's home and Turner's sister told him that the car had been stolen from Greenbriar Mall.

After Johnson got out of jail, he and Turner were walking to a friend's house and Johnson noticed that Turner was lagging behind. Johnson said he heard a gunshot and when he looked back, he saw Turner shooting at him. Turner kept firing the gun at Johnson until he ran out of bullets. After Turner ran away, Johnson was able to limp back to the house where he was staying. Johnson said he received eight bullet wounds in the attack.

Turner testified in his own defense and said he was afraid of Johnson. Turner said that he thought Johnson was crazy, that Johnson always had a gun with him and that he had told Turner that if he did not pay him $1,500 for the stolen car, he would kill him. Turner stated that on the day of the shooting, Johnson was very upset and hit him, knocking him down. Turner said that after he fell down, he pulled out his gun and when Johnson came toward him again, he shot him. Turner said he ran away and, after calling his mother and father, went to the police station and turned himself in.

1. In his first enumeration, Turner argues that venue was not proved beyond a reasonable doubt because the officer did not know exactly where the shooting took place.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime

charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000).

The transcript shows that when officers first saw the victim, he was at 545 Mayland Avenue. The officer who responded to the 911 call said that he was assigned to "Zone 3," that he was familiar with the area, and that the shooting took place in a neighborhood, "supposedly around the corner from 545 Mayland [Avenue]." The officer was asked whether the location where the actual shooting took place was in Fulton County. The officer responded, "Yes." There was also testimony from another witness that the shooting took place about two blocks from the Mayland Avenue address.

Although it is true that establishing the venue of a nearby site does not establish the venue of the murder site itself, *Jones*, supra at 903, in this case there is direct evidence, the officer's testimony, that the crime occurred in Fulton County.

Even without this testimony and assuming that the officer did not know the exact location of the shooting, the logical import of the officer's testimony is that the crime scene itself was in Fulton County. See *Robinson v. State*, 275 Ga. 143, 144 (561 SE2d 823) (2002) (officer's testimony that he discovered the victim on a street in Fulton County sufficient to establish venue). As Turner has offered no evidence to the contrary, we conclude that the State met its burden of proving beyond a reasonable doubt that venue of the crime charged is properly in Fulton County. See id.

2. Next, Turner argues that the trial court erred in not striking a juror for cause. During voir dire, Juror 35 was asked whether he was opposed to the use of guns. The juror replied that he was. When asked whether he was opposed to other people using weapons to defend themselves, the juror said yes.

Turner moved to excuse the juror for cause, stating "[t]his case definitely involves the use of a gun. The charge itself points out that a gun was used as a deadly weapon, and I think that tends to show his bias with regard to gun usage."

On appeal, Turner claims the trial court should have granted his motion to strike because Turner's sole defense at trial was self-defense. But trial counsel did not inform the court that this was going to be Turner's only defense and did not argue to the Court that the juror should be struck for this reason. Because the objection

raised in the trial court was different from the argument made on appeal, there is nothing for us to review. See, e.g., *Nunnally v. State*, 261 Ga. App. 198, 202 (582 SE2d 173) (2003).

In addition, as the State points out, the jury selection process did not reach Juror 35 because the first 34 jurors were qualified with the consent of both the State and defense counsel. Accordingly, "the prospective juror was not necessary to the selection of the jury or the two alternates, and whether or not he was excused had no effect on the trial." (Footnote omitted.) *Fugate v. State*, 263 Ga. 260, 264 (431 SE2d 104) (1993).

3. Turner also argues that the trial court's charge on aggravated assault was erroneous because the court charged the entire Code section. He claims that even though the indictment alleged aggravated assault with a deadly weapon, the court's charge of the entire Code section could have allowed the jury to find him guilty of aggravated assault with an object, device or instrument which, when used offensively against a person is likely to or actually does result in bodily injury. OCGA § 16-5-21.

Viewing the charge in its entirety, we conclude that the trial court did not mislead the jury by charging the complete Code section. The trial court began the charge by reading the indictment to the jury, charged the jury that the burden of proof rested on the State to prove every allegation in the indictment, instructed the jury that it could convict only if it found beyond a reasonable doubt that Turner committed the offense as alleged in the indictment, and sent the indictment out with the jury during its deliberations. *Montgomery v. State*, 287 Ga. App. 382 (651 SE2d 491) (2007). There was no error in the jury charge.

*Judgment affirmed. Ruffin, P. J., concurs. Bernes, J., concurs in the judgment only as to Division 1.*

DECIDED SEPTEMBER 17, 2008 —
RECONSIDERATION DENIED OCTOBER 8, 2008.

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.