## A09A0775. BROWN v. THE STATE.
(678 SE2d 101)

BERNES, Judge.

The jury found Phillip Michael Brown guilty of armed robbery, aggravated assault, and false imprisonment. The trial court denied his motion for new trial. On appeal, Brown contends that there was insufficient evidence to convict him of armed robbery and that the trial court erred in its jury charge on that crime. For the following reasons, we affirm.

On appeal from a criminal conviction, we view the evidence, and all reasonable inferences drawn from that evidence, in the light most favorable to the jury's verdict. *Patterson v. State*, 284 Ga. App. 780 (645 SE2d 38) (2007). So viewed, the evidence showed that on the afternoon of August 6, 2007, Brown entered a pawn shop located in Clayton County with another unknown male. The victim, the owner of the pawn shop, had turned his attention away from customers while working on his computer in his office area. Brown suddenly approached the victim, placed a cocked and loaded handgun to the victim's temple, and ordered the victim to hand over the rings that were on his fingers. Brown threatened to kill the victim if he did not cooperate. Fearing for his life, the victim complied by taking off two large rings and his wedding ring. Brown then demanded that the victim hand over his other rings or be killed. At that point, the victim stood up from his chair, said "[I]t ain't going down like this," and reached for a pistol stored in a nearby desk drawer. Brown, however, pushed the victim out of the way, seized the pistol, and ran out of the office area. The victim then grabbed another pistol located underneath the cash register. Brown fired at the victim, the victim returned fire, and Brown and the other unknown male fled from the shop.

Responding officers arrested Brown in a neighborhood located a short distance from the pawn shop after he was seen emerging from the woods on foot. At the subsequent trial, the victim and two other employees from the pawn shop identified Brown in open court as the robber who had shot at the victim.

1. Under OCGA § 16-8-41 (a), armed robbery is committed when the accused, with intent to commit theft, takes property from another's person by use of an offensive weapon. The indictment averred that Brown committed armed robbery in that "with intent to commit theft, [he] did take certain jewelry, the property of [the victim], from the person of [the victim] by use of a firearm." Brown contends that the uncontroverted evidence showed that the victim refused to hand over his rings when threatened with the handgun. Consequently, Brown argues that there was insufficient evidence

that jewelry was taken directly from the victim's person as alleged in the indictment.[1]

The record does not support Brown's argument. As the evidence set forth above showed, Brown made two separate demands for the victim to hand over rings. The victim testified that he complied with Brown's first demand and took off two large rings and his wedding band. The victim then apparently handed these three rings over to Brown, since the victim testified that Brown thereafter made a second demand, "[G]ive me the others or I'll kill you." It was only with this second demand that the victim refused to comply and instead reached for the pistol stored in a nearby cabinet.

Viewing all the evidence and reasonable inferences drawn therefrom in the light most favorable to the verdict, we conclude that the jury was entitled to find that Brown obtained physical possession of the three rings from the victim in response to his first demand. And for purposes of his armed robbery conviction, it is irrelevant how long Brown retained possession of those rings. "Under OCGA § 16-8-41 the slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation to meet the statutory criterion. It is not required that the property taken be permanently appropriated." (Citation and punctuation omitted.) *Sharp v. State*, 255 Ga. App. 485, 488 (2) (565 SE2d 841) (2002). Accordingly, any rational trier of fact could have found Brown guilty beyond a reasonable doubt of armed robbery as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-8-41 (a); *Sharp*, 255 Ga. App. at 487-488 (2); *State v. Watson*, 239 Ga. App. 482, 484-486 (2) (520 SE2d 911) (1999).

2. Brown also argues that the trial court's charge on armed robbery was erroneous because it was not tailored to the indictment. Based upon the statutory definition of armed robbery, the trial court charged the jury: "A person commits armed robbery when with intent to commit theft that person takes property of another from the person *or the immediate presence* of another by use of an offensive weapon." (Emphasis supplied.) See OCGA § 16-8-41 (a). Brown claims that although the indictment averred that he committed armed robbery by taking jewelry from the victim's person, the trial court's charge improperly allowed the jury to convict him of committing the crime by taking jewelry from the immediate presence of the victim.

Viewing the charge in its entirety, we conclude that the

---

[1] Brown does not contest that there was sufficient evidence to satisfy the other elements of the crime as well as his identity as one of the assailants.

trial court did not mislead the jury. . . . The trial court began the charge by reading the indictment to the jury, charged the jury that the burden of proof rested on the State to prove every allegation in the indictment, instructed the jury that it could convict only if it found beyond a reasonable doubt that [Brown] committed the offense as alleged in the indictment, and sent the indictment out with the jury during its deliberations. There was no error in the jury charge.

(Citation omitted.) *Turner v. State*, 293 Ga. App. 869, 871 (3) (668 SE2d 268) (2008). See *Montgomery v. State*, 287 Ga. App. 382, 382-383 (1) (651 SE2d 491) (2007).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 24, 2009.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Sheryl D. Freeman, Assistant District Attorney*, for appellee.