## A09A1279. BORDERS v. THE STATE.
### (682 SE2d 148)

BLACKBURN, Presiding Judge.

Following a jury trial, Kenneth Borders was convicted of a single count of selling methamphetamine.[1] He now appeals from the denial of his motion for a new trial, asserting that the evidence was insufficient to sustain his conviction because the State failed to prove venue. Because the record contains sufficient evidence from which the jury could find that the crime occurred in Hall County, where Borders was indicted and tried, we affirm.

> Generally, a criminal action must be tried in the county in which the crime was committed, and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

(Punctuation omitted.) *Schofield v. State*.[2]

So viewed, the record shows that the lone witness at trial was an officer employed by the Hall County Sheriff's Department. On February 26, 2007, the officer, who was working in an undercover capacity, went with a confidential informant ("CI") to purchase methamphetamine from a suspected drug dealer. To make the purchase, the officer and the CI drove to the suspect's residence, which was located on Forest Drive, in Braselton. They stopped at the top of a long driveway, where Borders met them and sold them methamphetamine.

The entire transaction was videotaped by a miniature digital video recorder that the officer wore on his body. At trial, the State introduced that videotape into evidence and played it for the jury. The early part of the video showed that the officer and the CI were traveling in a car, and showed them traveling to and stopping at the top of Borders's driveway. When questioning the officer about this part of the video, the prosecutor asked: "The area that you're traveling to, specifically the area that you deal[t] with on February 26, 2007, is that within Hall County?" The officer responded: "It is."

On appeal, Borders argues that this testimony was insufficient to show that the methamphetamine sale occurred in Hall County,

---

[1] OCGA § 16-13-30 (b).

[2] *Schofield v. State*, 261 Ga. App. 70, 70 (582 SE2d 11) (2003).

because the State offered no evidence showing either Borders's specific street address or that his residential street was located entirely in Hall County. This argument, however, misconstrues the State's burden. To prove venue, the State was not required to introduce evidence showing Borders's exact street address or that such address, specifically, was located within Hall County. Rather, to meet its burden, the State merely had to introduce evidence showing that the methamphetamine sale occurred in Hall County. See *Allen v. State*.[3]

Here, the officer testified that the target of his investigation on February 26, 2007 was a specific individual; that he traveled to the individual's residence, where he purchased methamphetamine from the suspect in the suspect's driveway; and that the area that he traveled to was located in Hall County. This testimony was sufficient to prove venue. *Allen*, supra, 277 Ga. at 712 (2) (venue proven where officer testified that "area" where shooting occurred was in Fulton County). See also *West v. State*[4] (venue proven by officer's testimony that he responded to a street located within Dawson County); *Turner v. State*[5] (venue proven by officer's testimony that "location" where crime occurred was in Fulton County).

Borders argues against this conclusion, claiming that the officer's testimony was insufficient to prove venue because the State failed to show that Borders's residence was the only "area" that the officer traveled to or dealt with on the date in question. This argument, however, attempts to remove the officer's testimony from the context in which it was offered. Specifically, this testimony addressed that part of the videotape showing the officer traveling to, and arriving at, Borders's driveway. When the prosecutor asked if the area that the officer was traveling to (i.e., the area shown on the tape) was in Hall County, the officer responded that it was. Given that the only evidence as to the officer's actions on February 26, 2007 related to his investigation of Borders, "[t]he logical import of the officer's testimony [was] that the crime scene itself was in [Hall] County. Indeed, this is the only reasonable meaning of his testimony. . . ." *Robinson v. State*.[6]

"As [Borders] has offered no evidence to the contrary, we conclude that the [S]tate met its burden of proving beyond a reasonable doubt that venue of the crimes charged [was] properly in [Hall] County, the county in which [Borders] was tried." (Punctua-

---

[3] *Allen v. State*, 277 Ga. 711, 712 (2) (593 SE2d 662) (2004).

[4] *West v. State*, 296 Ga. App. 58, 60 (1) (673 SE2d 558) (2009).

[5] *Turner v. State*, 293 Ga. App. 869, 870 (1) (668 SE2d 268) (2008) (physical precedent only).

[6] *Robinson v. State*, 275 Ga. 143, 144 (2) (561 SE2d 823) (2002).

tion omitted.) *Stroud v. State*.[7] Accordingly, we affirm the trial court's order denying Borders's motion for a new trial.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 14, 2009.

*Nathanael A. Horsley*, for appellant.

*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.

---

[7] *Stroud v. State*, 284 Ga. App. 604, 608-609 (2) (644 SE2d 467) (2007).