**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 13, 2018**

# In the Court of Appeals of Georgia

A18A0064, A18A0065, A18A0066. BROWN v. THE STATE (three cases).

McFADDEN, Presiding Judge.

Chadrus Brown has filed three pro se appeals challenging his convictions for multiple sexual offenses. The evidence is sufficient to sustain those convictions. Brown complains that his indictment was not returned in open court, but he did not raise that argument in the trial court, so it is waived.

Brown also contends, in multiple enumerations of error, that the trial court lacked jurisdiction over him and was an improper venue. He contends that he is not subject to the jurisdiction of the courts of this state for crimes he committed in this state. In other words, Brown is — or more accurately purports to be — a "sovereign citizen." These arguments are entirely without merit, and we take this opportunity to

adopt federal case law directing our trial courts to summarily reject them, however presented.

Brown's briefs in all three appeals fail to comply with this court's rules.[1] Among other deficiencies, the briefs do not contain succinct and accurate statements of the proceedings below and the material facts, do not contain adequate citations to the parts of the record or transcript essential to a consideration of the alleged errors, do not state how each enumerated error was preserved for consideration, and do not state the applicable standards of review. See Court of Appeals Rule 25. Brown's "pro se status does not excuse him from compliance with the substantive and procedural requirements of the law, including the rules of this [c]ourt." *Clemmons v. State*, 340 Ga. App. 57, 58 (1) (796 SE2d 297) (2017) (citation omitted). These rules "were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this court." *Orange v. State of Georgia*, 319 Ga. App. 516, 517 (1) (736 SE2d 477) (2013) (punctuation omitted). "While we will nonetheless review [Brown's] claims of error to the extent we are able to ascertain them, he will not be granted relief should we err in construing

---

[1] We note that in Case No. A18A0065, in addition to his brief, Brown has also filed a "Motion for Post-Trial Judgment of Acquittal." That motion is hereby denied.

2

his nonconforming appellate brief[s]." *Clemmons*, supra. For reasons stated below, we affirm.

1. *Facts and procedural posture.*

Construed in the light most favorable to the verdicts, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Brown sexually assaulted his minor daughter by licking her breasts and vagina, and by inserting his penis into her mouth, vagina, and anus. The jury found Brown guilty of rape, incest, three counts of aggravated sodomy, and child molestation. The trial court entered judgments of conviction, imposed sentences, and denied Brown's motion for a new trial. He filed these separate appeals, which have been consolidated for consideration in this opinion.

2. *Indictment.*

Brown contends that the indictment was not returned in open court. But he has failed to point to any evidence supporting this contention or that he objected to the indictment on this specific ground before trial. "A demurrer to the indictment, motion to quash or plea in abatement must be entered before trial. [Brown] therefore waived this alleged error by going to trial under the indictment without raising the objection that the indictment was not returned in open court." *Thomas v. State*, 331 Ga. App.

3

641, 655-656 (4) (771 SE2d 255) (2015) (citations and punctuation omitted). Accord *Peppers v. Balkcom*, 218 Ga. 749, 750-751 (2) (b) (130 SE2d 709) (1963) (defendant waived claim that indictment was not returned in open court by failing to raise the issue before trial).

3. *Jurisdiction and venue.*

In several different enumerations of error, Brown challenges his convictions on the grounds that the trial court lacked subject matter and personal jurisdiction, and was an improper venue. The challenges are without merit.

"It is the policy of this state to exercise its jurisdiction over crime and persons charged with the commission of crime to the fullest extent allowable under, and consistent with, the Constitution of this state and the Constitution of the United States." OCGA § 17-2-1 (a). "Pursuant to this policy a person shall be subject to prosecution in this state for a crime which he commits, while either within or outside the state, by his own conduct . . . if . . . [t]he crime is committed either wholly or partly within the state[.]" OCGA § 17-2-1 (b) (1). "The superior courts . . . shall have exclusive jurisdiction over trials in felony cases[.]" Ga. Const. 1983, Art. VI, Sec. IV, Para. I. "Generally, a criminal action must be tried in the county in which the crime was committed, and the [s]tate may establish venue by whatever means of proof are

4

available to it, including direct and circumstantial evidence." *Borders v. State*, 299 Ga. App. 100 (682 SE2d 148) (2009) (citation omitted). See also Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a).

In this case, it is undisputed that Brown's crimes took place in Fulton County, Georgia, and that he was tried in Fulton County Superior Court. "Consequently, [Brown] has failed to demonstrate that his [convictions] are void for lack of jurisdiction [or improper venue]." *Goodrum v. State*, 259 Ga. App. 704 (578 SE2d 484) (2003).

4. *Sovereign citizen.*

In several enumerations alleging, among other things, bias, fraud, monopoly, and violations of due process and equal protection, Brown makes arguments that amount to a "sovereign citizen" claim that he is not subject to governmental jurisdiction. He failed to cite factual support in the record for any of his claims, and his arguments are meritless.

Brown points, without meaningful analysis, to various provision of the United States Constitution, the Constitution of the State of Georgia, the Declaration of Independence, as well as decisions of the appellate courts of our sister states,

5

(occasionally) of this state, and of the federal courts — including *Dred Scott v. Sandford*, 60 U.S. 393 (1857).

The state replies that the claims of "sovereign citizens" that they are beyond the jurisdiction of the courts have no conceivable validity and should be rejected summarily, however presented. We agree.

"Defendants claiming to be 'sovereign citizens' assert that the . . . government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law." *United States v. Jonassen*, 759 F3d 653, 657, n. 2 (7th Cir. 2014) (citation and punctuation omitted). Courts "have repeatedly rejected [such] theories of individual sovereignty, immunity from prosecution, and their ilk. Regardless of an individual's claimed status of descent . . . as a 'sovereign citizen,' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F3d 753, 767 (II) (B) (1) (7th Cir. 2011) (citations and punctuation omitted).

*Judgment affirmed in all three cases. Ray and Rickman, JJ., concur.*

6