**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 5, 2019**

# In the Court of Appeals of Georgia

A18A2136. DEASON v. THE STATE.

MERCIER, Judge.

Robert Wiley Deason appeals his conviction for driving with an expired license. We affirm.

The record shows that Deason was charged by accusation with driving with an expired license, and his case proceeded to a bench trial in the State Court of Bibb County. The trial court found him guilty, ordering him to pay a $750 fine. Deason subsequently filed a pro se notice of appeal to the "Georgia Superior Court."[1] Concluding that Deason could not appeal his state court misdemeanor conviction to the superior court, the trial court determined that he "desire[d] to appeal his conviction

---

[1] Deason was represented by counsel at trial.

to the next level of court." It thus directed the state court clerk to transmit the appeal to this Court.[2]

Generally, "[n]o person . . . shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license[.]" OCGA § 40-5-20 (a). Deason concedes on appeal that he had a driver's license at one point, but not at the time of the charged offense. He does not deny that he was driving when cited for the traffic violation. And although he claims that the trial court erred in finding him guilty of driving with an expired license, he failed to include a transcript of the bench trial in the appellate record. See *Hines v. State*, 320 Ga. App. 854, 863 (4) (740 SE2d 786) (2013) ("When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter.") (citations and

---

[2] The state court properly determined that the superior court lacked appellate jurisdiction over Deason's criminal conviction and transmitted the appeal to this Court for resolution. See *Reed v. State*, 229 Ga. App. 817, 819 (495 SE2d 313) (1997) (Court of Appeals has jurisdiction over appeal from a state court conviction); OCGA § 15-6-8 (outlining superior court's limited appellate authority); see also OCGA § 5-6-37 ("[A]n appeal shall not be dismissed nor denied consideration . . . because of a designation of the wrong appellate court."); OCGA § 5-6-30 (rules of appellate practice "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case"); Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.").

punctuation omitted); OCGA § 5-6-41 (g) (discussing procedure for obtaining substitute transcript "[w]here a trial is not reported").

"Without a transcript to review, this court must assume as a matter of law that the evidence presented at trial supported the [trial] court's findings." *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500) (1991) (citation omitted). Nothing in the scant, eight-page appellate record demonstrates any error below. See *Westmoreland v. State*, 287 Ga. 688, 696 (10) (699 SE2d 13) (2010) ("It is a sound rule of appellate practice that the burden is always on the appellant in asserting error to show it affirmatively by the record.") (citations and punctuation omitted). To the extent Deason claims that he is a "sovereign citizen" not subject to the jurisdiction of the courts or governmental agencies, that argument fails. As we recently noted, the "sovereign citizen" defense, which alleges that the government is illegitimate, "has no conceivable validity in American law." *Brown v. State*, 346 Ga. App. 245, 247 (4) (816 SE2d 111) (2018).

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*